[No. H007133. Sixth Dist. Mar. 26, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND ARTHUR SHIELDS, Defendant and Appellant.

## COUNSEL

William P. Daley, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Morris Beatus and Christopher W. Grove, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

ELIA, J.— ██ Raymond Arthur Shields's appeal presents the issue whether a felony conviction of a minor in adult court, followed by successful completion of a commitment to the California Youth Authority and honorable discharge working a release from "all penalties and disabilities" pursuant to Welfare and Institutions Code section 1772,[1] may support a five-year serious felony enhancement of a sentence upon a later conviction. Following *People* v. *Jacob* (1985) 174 Cal.App.3d 1166 [220 Cal.Rptr. 520], we hold that it may.

As appellant's only contention is that the trial court erred in imposing the five-year enhancement for his prior murder conviction, it is unnecessary to recite in detail the facts of the two robberies for which he stands convicted in the present case. Instead we summarize those facts briefly.

On March 22, 1989, an off-white or beige pickup truck pulled up to a San Jose bus stop. Appellant left the truck and snatched a purse from 80-year-old Rosario Altomirano, who was waiting at the stop. Appellant then got back into the truck, which drove off. A short time later, the pickup truck pulled up to another San Jose bus stop, where a woman left the truck and

---

[1] All further statutory citations are to the Welfare and Institutions Code unless otherwise noted.

snatched a purse from 30-year-old Maria Sanchez, who was waiting at the stop with her young child. As the woman returned to the truck, Mrs. Sanchez saw the face of the driver.

The next day, officers of the Sunnyvale Department of Public Safety saw a pickup truck run a stoplight. The truck matched the description of the one used in the Altomirano and Sanchez robberies. The officers stopped the truck, learned that it reportedly had been stolen in Oakland, and arrested its occupants, appellant and one Carleen McCullough.

Suspecting that appellant and Ms. McCullough had robbed Ms. Altomirano and Mrs. Sanchez, police prepared a photo lineup. Although Ms. Altomirano could not make a positive identification, Mrs. Sanchez identified appellant as the driver of the truck and Ms. McCullough as the woman who took her purse.

Appellant pleaded no contest to two counts of robbery. (Pen. Code, §§ 211-212.5, subd. (b).) Conditioned on the imposition of a sentence of no more than ten years in state prison, appellant admitted two prior serious felony convictions, one for assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) and one for murder (Pen. Code, § 187). Additional charges of driving under the influence of alcohol and cocaine (Veh. Code, § 23152, subd. (a)) and being under the influence of cocaine (Health & Saf. Code, § 11550) were dismissed on the prosecutor's motion, as was the allegation of the prior assault conviction. The trial court imposed the five-year upper term on the first robbery count and a consecutive five year enhancement for the prior murder conviction pursuant to Penal Code section 667, subdivision (a), staying sentence on the second robbery count. Appellant timely filed notice of his appeal.

Appellant urges that the trial court erred in imposing the serious felony enhancement. In March 1974, at the age of 17, appellant pleaded guilty to a charge of murder and was committed to the California Youth Authority. After serving five years, he was honorably discharged. The Alameda County Superior Court ordered the verdict of guilty set aside and dismissed the information pursuant to section 1772. That statute provides in relevant part:

"Every person honorably discharged from control by the Youthful Offender Parole Board who has not, during the period of control by the authority been placed by the authority in a state prison shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he or she was committed, and every person discharged may petition the court which committed him or her, and the court may upon

such petition set aside the verdict of guilty and dismiss the accusation or information against the petitioner who shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he or she was committed, including, but not limited to, any disqualification for any employment or occupational license, or both, created by any other provision of law." (§ 1772, subd. (a).)

Acknowledging that judicial constructions of "all penalties and disabilities," as used in section 1772, are few, appellant contends the term comprises the use of a dismissed conviction to enhance the sentence for a subsequent offense. In support of this contention, he cites *People* v. *Navarro* (1972) 7 Cal.3d 248 [102 Cal.Rptr. 137, 497 P.2d 481]. *Navarro* held that a prior conviction dismissed pursuant to section 1772 may not be used to exclude a defendant from commitment to a narcotics rehabilitation program, even though section 3052 declares ineligible for such a commitment persons previously convicted of certain crimes. (*Id.* at pp. 271-281.) Appellant also cites *People* v. *Jackson* (1986) 177 Cal.App.3d 708 [222 Cal.Rptr. 470], which held that a conviction dismissed pursuant to section 1772 may not be used to impeach the credibility of a defendant who testifies on his own behalf in a subsequent criminal proceeding. The *Jackson* court reasoned that permitting impeachment use of a dismissed conviction could hinder presentation of a defense in a criminal prosecution by dissuading the defendant from testifying in his own behalf. That use would amount to a form of legal incapacity and disqualification, the *Jackson* court stated. (*Id.* at pp. 711-713.)

Appellant observes that in *People* v. *Bell* (1989) 49 Cal.3d 502 [262 Cal.Rptr. 1, 778 P.2d 129], the California Supreme Court held that a conviction dismissed pursuant to section 1772 may serve as the basis for a later conviction for violation of Penal Code section 12021 (being a felon in possession of a firearm). Contrasting Bell's situation with that of the defendant in *Navarro*, the court reasoned that while permitting a convicted addict to participate in a narcotics rehabilitation program despite an otherwise disabling prior conviction serves the remedial purpose of the Youth Authority Law, the same cannot be said of a decision allowing youthful ex-felons to carry firearms. (*Id.* at pp. 542-545.)

Appellant urges us to reason along the same lines and conclude that the remedial purposes of the youthful offender legislation are furthered when removal of possible five-year enhancements is promised in return for successful completion of a Youth Authority commitment. His argument is misguided. We see little incentive to rehabilitation in promising a youthful offender that sentences for his future crimes will be five years lighter if he successfully completes his commitment to the Youth Authority.

The fallacy inherent in appellant's argument was recognized in *People* v. *Jacob, supra*, 174 Cal.App.3d 1166. In that case, the court held that a five-year serious felony enhancement was properly imposed despite expungement of the conviction pursuant to section 1772. The court reasoned that an enhancement in that situation is not an added punishment for the prior conviction but rather " 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one. [Citations.]' " (174 Cal.App.3d at p. 1172 [quoting *Gryger* v. *Burke* (1948) 334 U.S. 728, 732 (92 L.Ed. 1683, 1687, 68 S.Ct. 1256)].) The court noted that Proposition 8 (Cal. Const., art. I, § 28, subd. (f)) provides that "[a]ny prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding." We agree with the *Jacob* court that "[t]he benefits [appellant] received from his honorable discharge, . . . do not include a reduced penalty for subsequent crimes. That would thwart the Legislature's effort to help persons like [appellant] become law abiding." (174 Cal.App.3d at p. 1172.)

Appellant argues that *Jacob* misinterpreted section 1772. He points to Penal Code sections 1203.4 and 1203.4a, both of which, as amended, provide that upon successful completion of probation, a conviction may be dismissed subject to being pleaded and proved in a subsequent prosecution of that defendant for any other offense, with the same effect as if probation had not been granted or the accusation or information dismissed. (Pen. Code, §§ 1203.4, subd. (a), 1203.4a, subd. (a).) Appellant argues that, having chosen so to amend Penal Code sections 1203.4 and 1203.4a but not section 1772, the Legislature must be presumed to have intended that the prior convictions of youthful offenders not be used to enhance later convictions. We disagree. Legislative silence provides but weak support for such an inference. It is equally likely that the Legislature is aware of and approves the *Jacob* court's interpretation of section 1772 and has deliberately refrained from amending it. In the absence of express legislative guidance, we rely on the persuasive reasoning in *Jacob*.

The judgment is affirmed.

Premo, Acting P. J., and Cottle, J., concurred.

A petition for a rehearing was denied April 12, 1991, and appellant's petition for review by the Supreme Court was denied June 19, 1991. Broussard, J., was of the opinion that the petition should be granted.