19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Douglas HART, Petitioner-Appellant,
v.
James GOMEZ, Director, Respondent-Appellee.
 No. 92-55951.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 9, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Douglas Hart, a California state prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction for second degree robbery. Hart contends that (1) his guilty plea was involuntary, (2) his sentence should not have been enhanced, (3) he was improperly charged, and (4) he received ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 First, Hart contends that his guilty plea was involuntary because (a) the trial court told him he could receive a twenty-three-year sentence, and (b) his attorney did not prepare for trial. These contentions lack merit.
 
 
 4
 To comport with due process, a guilty plea must be voluntary and intelligent; accordingly, the defendant must be aware of the possible punishment he faces. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). A guilty plea made because counsel is not prepared for trial is not voluntary. United States v. Moore, 599 F.2d 310, 313 (9th Cir.1979), cert. denied, 444 U.S. 1024 (1980).
 
 
 5
 At the plea hearing, the trial court told Hart: "It's either seven years or you go to trial. It may be zero. Seven, zero, or it could be a maximum of some 20 years. I don't know ... what the maximum is." Hart said he would plead guilty "because to face 20 years, it would be ridiculous."
 
 
 6
 Hart faced a maximum sentence of five years for the second degree robbery charge. See Cal.Penal Code Secs. 213(a)(2), 1170(b). Moreover, the information alleged three prior robbery convictions. Hart could have received a five-year enhancement for each of these three priors, see Cal.Penal Code Secs. 667(a), 1192.7(c)(19), even though he was a juvenile when he committed them, see People v. Shields, 228 Cal.App.3d 1239, 1240 (1991); People v. Jacob, 174 Cal.App.3d 1166, 1171 (1985). Accordingly, because the record demonstrates that Hart knew he faced a twenty-year sentence, his plea was not involuntary due to misinformation about his possible sentence. See Brady, 397 U.S. at 749; Boykin, 395 U.S. at 242-43.
 
 
 7
 Moreover, the record does not provide any support for Hart's claim that he pleaded guilty because his attorney was not prepared to go to trial. Indeed, at his plea hearing, he stated that his plea was voluntary. Accordingly, the district court did not err by denying Hart's involuntary plea claim. See Moore, 599 F.2d at 313.
 
 
 8
 Second, Hart contends that his five-year sentence enhancement violated the "double-the-base-term" limitation of Cal.Penal Code Sec. 1170.1(g). This contention lacks merit.
 
 
 9
 Federal habeas relief is not available for errors in the interpretation or application of state sentencing law. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989); cf. Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) (state court's arbitrary disregard of state sentencing law may violate due process); Ballard v. Estelle, 937 F.2d 453, 456 (9th Cir.1991) (same).
 
 
 10
 Hart received a two-year base term and a five-year enhancement pursuant to Cal.Penal Code Sec. 667(a). The double-the-base-term limitation does not apply to prior convictions for serious felonies such as robbery. Cal.Penal Code Sec. 1170.1(g)(1); People v. Jackson, 694 P.2d 736, 743 (Cal.1985). Accordingly, the district court did not err by denying Hart's sentencing claim.
 
 
 11
 Third, Hart contends that (a) his petty theft charge should not have included a prior conviction, (b) the petty theft charge was improperly amended to a second degree robbery charge, and (c) he was denied the right to confront and cross-examine witnesses at his preliminary hearing because the arresting officers and victim did not testify. Because a voluntary and intelligent guilty plea precludes federal habeas relief based upon pre-plea constitutional violations, the district court properly rejected these claims. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.), cert. denied, 474 U.S. 981 (1985).
 
 
 12
 Finally, Hart contends that he received ineffective assistance of counsel because his attorney did not object to the use of the prior convictions or to charging errors. For the reasons discussed above, no legal basis existed for such objections. Therefore, Hart has not demonstrated that his attorney's performance was deficient, and we conclude that his ineffective assistance claim lacks merit. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3