[No. B144905. Second Dist., Div. Four. Oct. 24, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN RICHARD BARRO, Defendant and Appellant.

**COUNSEL**

Law Offices of Perliss & Gross, Sanford H. Perliss and Thomas D. Shambaugh for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Marc E. Turchin, Acting Assistant Attorney General, Jaime L. Fuster and Susan Sullivan Pithey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CURRY, J.**—John Richard Barro appeals from the judgment entered following his plea of guilty to possessing a pseudoephedrine with the intent to manufacture methamphetamine (Health & Saf. Code, § 11383, subd. (c)(1); count 1) and to conspiracy to commit that crime (Pen. Code, § 182, subd. (a)(1); count 3)[1] and his admission to having suffered a strike under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). He was sentenced to prison for four years, comprised of the

---

[1] All further section references are to the Penal Code.

two-year low term on his drug-related conviction, doubled based on his strike.

Appellant attacks his sentence as unauthorized on the ground his prior conviction for mayhem does not qualify as a strike for the reason that it was dismissed under section 1385.

Based on our review of the record and applicable law, we modify the judgment by dismissing the strike finding; vacating appellant's four-year sentence based on that strike; and substituting therefor the two-year low term. We affirm the judgment as modified.

We hold that dismissal under section 1385 of the charge underlying a prior conviction which would otherwise qualify as a strike precludes the use of that prior conviction as a strike under the Three Strikes law.

### FACTUAL AND PROCEDURAL SUMMARY

On February 10, 2000, an investigator from the United Parcel Service informed a Covina police officer about 12 small boxes containing 48 pill bottles of action pseudoephedrine, which the officer opined was used to manufacture methamphetamine. Further investigation led the officer to appellant as the intended recipient of those boxes. Appellant admitted knowing the pills would be used to manufacture methamphetamine. He stated that his intent was to sell each case of pseudoephedrine for $2,000 to $2,500.[2]

The information charged appellant with the drug-related crime in count 1 and with conspiracy to commit that crime in count 2. It alleged that he had suffered two prior convictions which constituted strikes under the Three Strikes laws.

Appellant filed a motion to dismiss both strike allegations on the ground that neither underlying prior conviction qualified as a strike. The court granted the motion as to his prior for assault with a deadly weapon (ADW) (§ 245, subd. (a)(1)) but denied it as to his prior for mayhem (§ 203).

Pursuant to a plea agreement, appellant pled guilty to the charged crimes and admitted the strike allegation as to the mayhem prior, with the understanding that he would be allowed to seek appellate review on the issue of whether the mayhem prior qualified as a strike.

---

[2]These facts are taken from the probation report. (See, e.g., *People v. Caceres* (1997) 52 Cal.App.4th 106, 109, fn. 4 [60 Cal.Rptr.2d 415].)

## DISCUSSION

■ Appellant's position is that his mayhem conviction cannot serve as the basis for a strike, because dismissal under section 1385 of the underlying mayhem charge has the same effect as if he had never been charged or prosecuted for mayhem. We agree.

The record of the prior proceeding reflects the following transpired with regard to the dismissal of the mayhem charge. On May 7, 1993, a discussion was held among the prosecutor, defense counsel, and the court concerning the plea agreement between the parties.

In exchange for his guilty plea to the mayhem (count 2) and ADW (count 3) charges, appellant would be placed on five years of formal probation under certain terms and conditions. Defense counsel specifically noted that one "condition [was] that the People at the end of the probationary period will move to dismiss the mayhem count, count 2, and [the defense] will be permitted, if probation is satisfactorily completed, to [move for dismissal under section] 1203.04 [as] to [the] ADW count." When the prosecutor asked whether section "1203.04 is only applicable to wobblers," the court replied, "That's my understanding. I don't know on a straight felony. I think my understanding is that there is some equity for wobbler-type offenses." Before the prosecutor could finish his explanation, i.e., "[t]hat's why we're doing the—," the court began advising appellant of his rights and the consequences of pleading guilty.

In particular, the court advised appellant, "At the completion of the five years of probation, if there are no violations of the law or violations of probation, the People by stipulated agreement will dismiss count 2 [(mayhem)] and allow [appellant] to make a motion under [section] 1203.4 for dismissal of count 3 [(ADW)]."

After the court concluded its advisement, appellant entered his plea of guilty to both the mayhem and ADW charges. The court then accepted the plea and placed appellant on probation under certain terms and conditions, including those discussed above. When asked whether he had anything further, the defense attorney requested "[t]hat the minute order . . . reflect that the People will move to dismiss count 2." The court agreed and noted that "[v]ery clearly on the record [it is reflected] that at the successful completion of probation, that means no violations of probation or the law, the People have indicated that they will dismiss count 2 [(mayhem)] and agree to [section] 1203.4 dismissal of count 3 [(ADW)]."

The June 3, 1999, minute order contains the following recital: "Pursuant to the plea bargain entered into May 7, 1993, the plea of guilty/conviction, as

to count 2 (mayhem) is set aside, a plea of not guilty is entered and the matter is dismissed in furtherance of justice under section 1385."

The People take the position that appellant's "mayhem conviction was properly considered a strike in the instant case because the parties had agreed as part of a 1993 plea bargain that the mayhem conviction could be used later for sentence enhancement purposes."

In this regard, the record reflects the court specifically advised appellant that a plea of guilty would be "priorable" in that a mayhem conviction was "a serious, dangerous felony, known as a five-year prior."[3]

We find appellant's position persuasive. We conclude that dismissal under section 1385 of the charge underlying a prior conviction operates, as a matter of law, to erase the prior conviction as if the defendant had never suffered the conviction in the initial instance. A contrary conclusion is not compelled by virtue of an agreement between the defendant and the People, even if approved by the court, that the prior conviction may be used for sentencing purposes in subsequent cases.

Mayhem constitutes both a serious felony and a violent felony for the purposes of qualifying as a strike under the Three Strikes law. (§§ 667, subd. (d)(1), 667.5, subd. (c)(2), & 1192.7, subd. (c)((2).)

On its face, section 1385, in contrast to section 1203.4, does not address the effect of the dismissal of a prior conviction on the sentence of the defendant in a different case.

Section 1203.4 provides in pertinent part that, upon successful completion of probation, the court must permit the defendant to withdraw his guilty or no contest plea, enter a plea of not guilty and then "dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in section 13555 of the Vehicle Code." (§ 1203.4, subd. (a).) *"However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if*

---

[3]The court was referring to the five-year enhancement for a prior serious felony conviction. (§§ 667, subd. (a), 1192.7, subd. (c).) We note that neither of the "two, nearly identical statutory schemes" comprising the Three Strikes law was in existence at that time. The legislative scheme (§ 667, subds. (b)-(i)) was not effective until March 7, 1994. The initiative scheme (§ 1170.12, subds. (a)-(d)) became effective on November 9, 1994. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504-505 [53 Cal.Rptr.2d 789, 917 P.2d 628].)

*probation had not been granted or the accusation or information dismissed.*"
(§ 1203.4, subd. (a), italics added; see also *People v. Diaz* (1996) 41
Cal.App.4th 1424, 1430 [49 Cal.Rptr.2d 252] [prior convictions dismissed
under section 1203.4 may qualify as strikes].)

We conclude that if the Legislature had intended a dismissal under section
1385 to have the same prospective adverse consequences as section 1203.4,
the Legislature would have amended section 1385 by adding language to that
effect. The Legislature, however, has not done so. (See, e.g., *People v.
Harrison* (1989) 48 Cal.3d 321, 329 [256 Cal.Rptr. 401, 768 P.2d 1078]
["The Legislature, of course, is deemed to be aware of statutes and judicial
decisions already in existence, and to have enacted or amended a statute in
light thereof."]; cf. *People v. Superior Court* (*Romero*), *supra*, 13 Cal.4th at
p. 520 ["If the Legislature had wanted to authorize a motion to dismiss in
furtherance of justice without invoking section 1385, it could easily have
done so simply by deleting the words 'pursuant to Section 1385.' "].)

Moreover, decisional authority supports the conclusion that the effect of a
dismissal under section 1385 is to wipe the slate clean as if the defendant
never suffered the prior conviction in the initial instance. In other words,
"[t]he defendant stands as if he had never been prosecuted for the charged
offense. (*People v. Simpson* (1944) 66 Cal.App.2d 319, 329 [152 P.2d
339].)" (*People v. Superior Court* (*Flores*) (1989) 214 Cal.App.3d 127, 136
[262 Cal.Rptr. 576].)

Contrary to the People's position, the fact appellant was advised his guilty
plea to the mayhem charge would have "priorable" adverse sentencing
consequences does not give rise to an inference that he thereby knew that
when the charge was subsequently dismissed pursuant to section 1385 such
consequences would still haunt him. Similarly, by making that advisement,
the court was not informing appellant that such consequences would remain
after such dismissal. Rather, the court was simply addressing the possible
future consequences of his guilty plea. In other words, he would be subject
to such consequences in the event his guilty plea remained extant, i.e., it was
not vacated and the mayhem charge dismissed, because he failed to perform
on probation successfully.

Additionally, assuming both the People and appellant entered into the plea
agreement under the mistaken premise that section 1203.4 was not appli-
cable to mayhem, such mistake does not serve to resurrect appellant's
mayhem conviction for the purposes of sentencing in the current case. Such
mistake has no bearing on the legal effect of section 1385. Also, having
received the benefit of the bargain, appellant's successful completion of five

years of formal probation, the People cannot be heard to complain in equity that a contrary result is warranted.

## DISPOSITION

The judgment is modified by dismissing the strike finding; vacating appellant's four-year sentence; and substituting therefor the two-year low term. As modified, the judgment is affirmed.

Vogel (C. S.), P. J., and Epstein, J., concurred.

A petition for a rehearing was denied November 16, 2001.