Filed 11/21/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071328 |
| v. | (Super. Ct. No. 11F00681) |
| MARCOS HARO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, John P. Winn, Judge. Affirmed as modified.

John Doyle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Michael P. Farrell, Assistant Attorneys General, Charles A. French and Craig S. Meyers, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Marcos Haro appeals from the judgment entered following his plea of no contest to the crime of stalking (Pen. Code, § 646.9, subd. (a)) and admission to

1

having a prior juvenile adjudication for robbery, a serious felony within the meaning of the three strikes law (Pen. Code, §§ 1170.12, subd. (a)-(d); 667, subd. (b)-(i)). Prior to the plea, the trial court denied defendant's motion to dismiss the strike allegation based on the fact that the delinquency petition supporting the allegation was dismissed by the juvenile court pursuant to Welfare and Institutions Code, section 782.[1] This juvenile adjudication was used to double his sentence for the stalking conviction.

On appeal, defendant renews his argument that the dismissal under section 782 of the petition underlying his robbery adjudication precludes the use of that adjudication as a strike under the three strikes law. We agree. As we explain, section 782 "is a general dismissal statute" that is similar in its operation to Penal Code section 1385. (*Derek L. v. Superior Court* (1982) 137 Cal.App.3d 228, 232-233 (*Derek L.*).) "[D]ismissal under [Penal Code] section 1385 of the charge underlying a prior conviction operates, as a matter of law, to erase the prior conviction as if the defendant had never suffered the conviction in the initial instance." (*People v. Barro* (2001) 93 Cal.App.4th 62, 66 (*Barro*).) Thus, "dismissal under [Penal Code] section 1385 of the charge underlying a prior conviction which would otherwise qualify as a strike precludes the use of that prior conviction as a strike under the Three Strikes law." (*Id.* at p. 64.) We conclude a dismissal under section 782 of the petition underlying a juvenile adjudication has the same effect. We therefore modify the judgment to dismiss the strike finding, vacate defendant's four-year sentence, substitute the two-year middle term, and affirm the modified judgment.

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

FACTS

As mentioned, defendant pled no contest to the crime of stalking and admitted the prior juvenile adjudication.[2]

While he was a minor, defendant committed a robbery and was adjudicated a delinquent ward of the court. Following defendant's successful completion of probation and termination of the wardship, the juvenile court dismissed the delinquency petition pursuant to section 782.

Prior to the plea, the trial court denied defendant's motion to dismiss the strike allegation based on the fact that the delinquency petition supporting the allegation was dismissed by the juvenile court pursuant to section 782. In accordance with the plea agreement, the trial court sentenced defendant to serve four years in state prison (middle term of two years, doubled) and imposed other orders. The plea agreement entitled defendant to challenge this decision on appeal. A certificate of probable cause was issued for this purpose.

DISCUSSION

Defendant claims the dismissal under section 782 of a petition underlying a juvenile delinquency adjudication precludes the use of that adjudication as a strike under the three strikes law. We agree.

Section 782 provides in relevant part: "A judge of the juvenile court in which a petition was filed, at any time before the minor reaches the age of 21, may dismiss the petition or may set aside the findings and dismiss the petition if the court finds that the interests of justice and the welfare of the minor require such dismissal, or if it finds that the minor is not in need of treatment or rehabilitation." This provision "is a general

---

[2]    The facts of the current offense are not relevant to the issue raised on appeal.

3

dismissal statute" that is similar in its operation to Penal Code section 1385.[3] (*Derek L., supra,* 137 Cal.App.3d at pp. 232-233; *In re Greg F.* (2012) 55 Cal.4th 393, 416 ["similar to section 782, Penal Code section 1385 grants trial courts the power to dismiss a criminal action 'in furtherance of justice' "].)

In *Barro, supra,* 93 Cal.App.4th 62, the Court of Appeal held that "dismissal under [Penal Code] section 1385 of the charge underlying a prior conviction operates, as a matter of law, to erase the prior conviction as if the defendant had never suffered the conviction in the initial instance." (*Id.* at p. 66.) In reaching this conclusion, the court compared Penal Code section 1385 to Penal Code section 1203.4, which provides for release of a defendant "from all penalties and disabilities resulting from the offense of which he or she has been convicted" upon successful completion of probation with certain exceptions, including an exception for the use of such conviction "in any subsequent prosecution of the defendant for any other offense." (Pen. Code, § 1203.4, subd. (a)(1)[4]; see *People v. Diaz* (1996) 41 Cal.App.4th 1424, 1430 [prior convictions

---

[3]     Penal Code section 1385, subdivision (a), provides in relevant part: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."

[4]     Penal Code section 1203.4, subdivision (a)(1), provides in relevant part: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. . . . However, in

dismissed under Penal Code section 1203.4 may qualify as strikes in a subsequent prosecution].) The *Barro* court noted that, "in contrast to [Penal Code] section 1203.4, [Penal Code section 1385] does not address the effect of the dismissal of a prior conviction on the sentence of the defendant in a different case," and reasoned that "if the Legislature had intended a dismissal under [Penal Code] section 1385 to have the same prospective adverse consequences as [Penal Code] section 1203.4, the Legislature would have amended [Penal Code] section 1385 by adding language to that effect." (*Barro*, *supra*, 93 Cal.App.4th at pp. 66-67.) Thus, "dismissal under [Penal Code] section 1385 of the charge underlying a prior conviction which would otherwise qualify as a strike precludes the use of that prior conviction as a strike under the Three Strikes law." (*Id.* at p. 64.)

Our research has disclosed no decisional authority addressing whether a dismissal under section 782 similarly erases the prior juvenile adjudication, precluding the use of that adjudication as a strike under the three strikes law. However, we conclude the reasoning of *Barro*, *supra*, 93 Cal.App.4th 62 applies equally to the question now before us. Just as section 782 is similar in its wording to Penal Code section 1385, the courts have found section 1772 to be comparable to Penal Code section 1203.4. (See *People v. Jacob* (1985) 174 Cal.App.3d 1166, 1174, fn. 3; *People v. Shields* (1991) 228 Cal.App.3d 1239, 1243; *People v. Daniels* (1996) 51 Cal.App.4th 520, 525.)

Section 1772, subdivision (a), provides: "Subject to subdivision (b), every person honorably discharged from control of the Youth Authority Board who has not, during the period of control by the authority, been placed by the authority in a state prison shall thereafter be released from all penalties and disabilities resulting from the offense or

---

any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed."

crime for which he or she was committed, and every person discharged may petition the court which committed him or her, and the court may upon that petition set aside the verdict of guilty and dismiss the accusation or information against the petitioner who shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he or she was committed, including, but not limited to, any disqualification for any employment or occupational license, or both, created by any other provision of law." Subdivision (b)(4) provides that, notwithstanding subdivision (a), "[t]he conviction of a person described by subdivision (a) may be used to enhance the punishment for a subsequent offense." (§ 1772, subd. (b)(4).)

Thus, like Penal Code section 1203.4, section 1772 contains language that the person "shall thereafter be released from all penalties and disabilities resulting from the offense," and both provisions provide an exception for use of the dismissed conviction in subsequent prosecutions. Moreover, even before subdivision (b)(4) was added to section 1772 (compare Stats. 1994, ch. 453, § 20, pp. 2556-2557 with Stats. 1982, ch. 778, § 2, pp. 3034-3035), the Court of Appeal explained in *People v. Jacob*, *supra*, 174 Cal.App.3d 1166, that "the legislative history and the express language in [this provision] state[s] that the purpose of a dismissal is to release a defendant from all penalties and disabilities resulting from the offenses for which he [or she] was committed, and not from penalties or disabilities resulting from future offenses." (*Id.* at p. 1174, fn. 3; see also *People v. Shields*, *supra*, 228 Cal.App.3d at p. 1243.) Thereafter, the Legislature added subdivision (b)(4), making abundantly clear that a dismissal under section 1772 may be used to enhance the punishment for a subsequent offense. (Stats. 1994, ch. 453, § 20, pp. 2556-2557.)

Unlike section 1772, section 782 does not address whether or not the dismissal of a juvenile petition may be used to enhance the punishment for a subsequent offense. To borrow from the *Barro* court's reasoning, "if the Legislature had intended a dismissal

6

under section [782] to have the same prospective adverse consequences as section [1772], the Legislature would have amended section [782] by adding language to that effect." (*Barro*, *supra*, 93 Cal.App.4th at p. 67.) Indeed, it could have done so at the same time it amended section 1772.

Nevertheless, the Attorney General argues that cases interpreting section 1772 and Penal Code section 1203.4 should inform our interpretation of section 782. We disagree. As we have explained, section 782 is more analogous to Penal Code section 1385 than either section 1772 or Penal Code section 1203.4. Nor are we persuaded by the fact Penal Code section 1385 provides for dismissal "in furtherance of justice," while section 782 provides for dismissal where either "the interests of justice and the welfare of the minor require such dismissal" or "the minor is not in need of treatment or rehabilitation." Based on this difference in language, the Attorney General argues: "The court's decision in [*Barro*, *supra*, 93 Cal.App.4th 62] relied on the fact that the charge underlying the prior conviction had been dismissed in the interest of justice." Not so. The dispositive consideration in *Barro* was not that the charge underlying the defendant's conviction was dismissed *in furtherance of justice* under Penal Code section 1385, but instead that the charge was dismissed pursuant to a statute that, unlike Penal Code section 1203.4, "does not address the effect of the dismissal of a prior conviction on the sentence of the defendant in a different case." (*Barro*, *supra*, 93 Cal.App.4th at pp. 66-67.) Here, it is unclear whether the juvenile court dismissed the petition underlying defendant's juvenile adjudication because "the interests of justice and the welfare of the minor require[d] such dismissal" or because "the minor [was] not in need of treatment or rehabilitation." (§ 782.) But in either case, the petition was dismissed pursuant to section 782, a provision that does not have the same prospective adverse consequences as section 1772.

7

We conclude the juvenile court's dismissal under section 782 of the petition underlying defendant's robbery adjudication precluded the use of that adjudication as a strike under the three strikes law.

DISPOSITION

The judgment is modified by dismissing the strike finding, vacating defendant's four-year sentence, and substituting the two-year middle term.  As modified, the judgment is affirmed.


    HOCH    , J.


We concur:


    BLEASE    , Acting P.J.


    MURRAY    , J.