Filed 8/3/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re J.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E080284 |
|     Plaintiff and Respondent, | (Super.Ct.No. J285348) |
| v. | OPINION |
| J.P., | |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Tony Raphael, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, and Christopher P. Beesley and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2022, the San Bernardino County District Attorney filed a three-count petition against defendant and appellant J.P. The court found all three allegations true. Two of the three offenses permitted J.P. to be committed to a secure youth treatment facility (SYTF) but the last and latest offense did not, and a minor may be committed to an SYTF only if the latest offense allows for such a commitment. In order to commit J.P. to an SYTF, the juvenile court dismissed the allegations regarding the latest offense. J.P. argues the juvenile court erred because it could dismiss the entire petition, but not one portion of it. We disagree and affirm.

BACKGROUND

In August 2022, J.P. met a woman under the pretense of wanting to buy her iPhone. Instead, he pulled a gun on her, took the phone, and ran away. Police apprehended J.P. while he was driving and found a loaded gun in the car.

In August 2022, the San Bernardino County District Attorney filed a petition against J.P. alleging violations of Penal Code sections 211 (second degree robbery), 245 subdivision (a)(2) (assault with a firearm), and 25850 subdivisions (a) and (c)(6) (carrying a loaded firearm not registered to him in a vehicle). In November, the court held a contested jurisdictional hearing. It found all three allegations true and sustained the petition.

The court held a dispositional hearing later that month. It expressed its intention to commit J.P. to an SYTF. J.P. objected, arguing that Welfare and Institutions Code

2

section 875[1] precludes commitment to an SYTF unless the juvenile's most recent offense is listed under section 707, subdivision (b), and J.P.'s most recent offense—the gun possession—was not such an offense. After some discussion, the People moved to dismiss the gun possession offense under section 782. J.P. also objected to the People's motion, arguing that under section 782 the court had the power to strike the entire petition, but not to strike any single alleged offense. The court, citing *In re J.B.* (2022) 75 Cal.App.5th 410 (*J.B.*) and *People v. Marsh* (1984) 36 Cal.3d 134 (*Marsh*), concluded that its power to dismiss the entire petition included the power to dismiss portions of it, granted the People's motion, dismissed the third offense, and committed J.P. to an SYTF.

ANALYSIS

On appeal, J.P. makes the same argument he did to the juvenile court: that the court lacked authority under section 782 to dismiss just one allegation in the petition and could dismiss only the entire petition.

Under section 875, a "court may order that a ward who is 14 years of age or older be committed to a secure youth treatment facility . . . if the ward meets" certain criteria. (§ 875, subd. (a).) Two of these requirements are at issue here. First, the juvenile must be "adjudicated and found to be a ward of the court based on an offense listed in subdivision (b) of Section 707." (§ 875, subd. (a)(1).) The second requirement is that the relevant adjudication must be "the most recent offense for which the juvenile has been adjudicated." (§ 875, subd. (a)(2).)

---

[1] Undesignated statutory citations refer to the Welfare and Institutions Code.

Two of J.P.'s three offenses in this case—the robbery and the assault with a firearm—are listed under section 707, subdivision (b). However, that section lists no gun possession offenses, meaning J.P.'s third and most recent offense does not qualify him for commitment to an SYTF. Therefore, considering all three alleged offenses in the petition, and under section 875, J.P. could not be committed to an SYTF because his most recent offense did not qualify him for such a commitment.

Section 782 permits a court to "dismiss the petition, or . . . set aside the findings and dismiss the petition, if the court finds that the interests of justice and the welfare of the person who is the subject of the petition require that dismissal." (§ 782, subd. (a)(1).) "This provision 'is a general dismissal statute' that is similar in its operation to Penal Code section 1385.'" (*People v. Haro* (2013) 221 Cal.App.4th 718, 721; see *In re Greg F.* (2012) 55 Cal.4th 393, 416 ["similar to [Welf. & Inst. Code] section 782, Penal Code section 1385 grants trial courts the power to dismiss a criminal action 'in furtherance of justice.'"] (*Greg F.*).) Indeed, the two statutes are so closely analogous that "[i]n determining whether a [Welfare and Institutions Code] section 782 dismissal is 'in the interests of justice' [citation], some courts have looked to Penal Code section 1385 for guidance." (*Greg F.* at p. 416.)

No court has weighed in on whether Welfare and Institutions Code section 782 permits a court to dismiss parts of a petition without dismissing the entire petition. However, it is well established that Penal Code section 1385 "permit[s] a judge to dismiss not only an entire case, but also a part thereof." (*People v. Superior Court*

4

(*Romero*) 13 Cal.4th 497, 508.) This is because " '[t]he authority to dismiss the whole includes, of course, the power to dismiss or "strike out" a part.' " (*Marsh, supra*, 36 Cal.3d at p. 143.)

Indeed, our Supreme Court has in dicta endorsed the idea that a court could dismiss individual counts of a petition to do exactly what the juvenile court here did. In *Greg F.* the court considered whether a juvenile court had the authority to dismiss an entire petition to commit a juvenile to a more secure form of custody. (*Greg F., supra*, 55 Cal.4th at p. 400.) In deciding that a juvenile court did have such authority, the majority addressed a dissenting argument which "posit[ed] that section 782 gives the court discretion to strike individual counts in a 602 petition to change the 'most recent' offense alleged into one that is DJF eligible." (*Greg F.*, at pp. 412-413.)[2] In responding, the majority implicitly agreed with the dissent's characterization of a juvenile court's dismissal authority under section 782, and it noted that this argument "recognizes that section 782 can and sometimes should be used for the purpose of preserving the juvenile court's ability to order a DJF commitment." (*Id.* at p. 413, italics omitted.) Indeed, the majority argued that an alternate view, under which "the court's discretion to use section 782 for this purpose is completely lost once the allegations in a petition have been admitted or found true," would lead to absurd results. (*Id.* at p. 413.)

---

[2] *Greg F.* concerned a commitment to the Department of Juvenile Facilities (DJF). Recent legislation closed the DJF's parent department and "added section 875 et seq., which governs commitment to local 'secure youth treatment facilities' in lieu of DJF." (*J.B., supra*, 75 Cal.App.5th at p. 427, fn. 2 (dis. opn. of Lie, J.).)

5

In short, both the majority and dissent in *Greg F.* agreed, though on a point that was hypothetical in the case, that a juvenile court has the power under section 782 to dismiss a section 602 petition "in whole or in part." (*Greg F.*, *supra*, 55 Cal.4th at p. 423 (dis. opn. of Cantil-Sakauye, C.J.).) They disagreed about the dispositive issue of whether that authority continued after the juvenile court made jurisdictional findings. (*Ibid*.)

This reasoning is consistent with the notion that Welfare and Institutions Code section 782 typically functions similarly to Penal Code section 1385. As discussed above, there is little question that Penal Code section 1385 grants a court the power to dismiss the whole or any portion of a criminal case. This is so even though Penal Code section 1385, like Welfare and Institutions Code section 782, states only that a court may dismiss "an action" and does not expressly state that a court may dismiss only a portion of that action. (Cf. Welf. & Inst. Code, § 782, subd. (a)(1) ["A judge of the juvenile court in which a petition was filed . . . may dismiss the petition, or may set aside the findings and dismiss the petition, if the court finds that the interests of justice and the welfare of the person who is the subject of the petition require that dismissal."]; Pen. Code, § 1385, subd. (a) ["The judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."].)

As the juvenile court noted, other courts have also implicitly endorsed this reading of section 782. In *J.B.*, *supra*, 75 Cal.App.5th 410, the Sixth District considered whether

a court could dismiss more recent but already adjudicated petitions to commit a minor to an otherwise prohibited commitment. In so doing, it distinguished another case because in that case "the juvenile court . . . did not exercise its discretion under section 782. [Citation.] Nor did the juvenile court . . . dismiss a petition or any count therein." (*Id.* at p. 424.) Again, the court assumed that the court could dismiss "any count" in a petition, though the issue was not dispositive in the case.

Nevertheless *J.P.* argues *Greg F.* "expressly found that Penal Code [section] 1385 principles could not be applied to juvenile proceedings." This overstates *Greg F.*'s holding. To be sure, *Greg F.* cautioned that analogies between Welfare and Institutions Code section 782 and Penal Code section 1385 were often flawed because " '[j]uvenile proceedings are conducted not only for the protection of society, but for the protection and benefit of the youth involved.' " (*Greg F.*, *supra*, 55 Cal.4th at p. 416.) We follow *Greg F.* and recognize that Welfare and Institutions Code section 782 requires not just that any dismissal be in the interest of justice, but also promote "the welfare of the person who is the subject of the petition." (Welf. & Inst. Code, § 782, subd. (a)(1); *Greg F.*, at p. 417.) "No corresponding concern for the welfare of an adult criminal defendant appears in Penal Code section 1385." (*Greg F.*, at p. 417.)

However, these differences do not mean we must read Welfare and Institutions Code section 782 more narrowly than we read similar language in Penal Code section 1385. To the contrary, the additional considerations required under Welfare and Institutions Code section 782 arguably grant juvenile courts even more discretion than

7

Penal Code section 1385 grants adult criminal courts. "The statutory scheme governing juvenile delinquency is designed to give the court 'maximum flexibility to craft suitable orders aimed at rehabilitating the particular ward before it.' [Citation.] Flexibility is the hallmark of juvenile court law, in both delinquency and dependency interventions. [Citation.] As noted, the juvenile court has long enjoyed great discretion in the disposition of juvenile matters [citation], and that discretion is codified in [Welfare and Institutions] section 782." (*Greg F.*, *supra*, 55 Cal.4th at p. 411.) Indeed, *Greg F.* acknowledged that instead of limiting a court's discretion to impose a commitment to juvenile facilities, concern for a child's welfare could justify such a commitment. The court concluded "[a] DJF commitment is not necessarily contrary to a minor's welfare. . . . Some wards, like the minor here, may be best served by the structured institutional environment and special programs available only at the DJF." (*Greg F.*, at p. 417.) Thus, requiring that a juvenile court use its discretion to promote the minor's welfare does not mean that the court should have less discretion under Welfare and Institutions Code section 782 than under Penal Code section 1385.

Moreover, none of the differences between Welfare and Institutions Code section 782 and Penal Code section 1385 bear on whether a court can dismiss only a portion of a petition or the whole thing. The fact that juvenile courts must act in the interest of a child's welfare does not answer whether the court has the fundamental discretion to dismiss portions of a petition. Juvenile courts may not exercise their discretion in a way that does not serve the interests of justice and the welfare of the minor

8

and can be reversed on appeal for abuse of discretion if they do. (*Greg F.*, *supra*, 55 Cal.4th at pp. 413-414.) But that is a limit on *how* the court can exercise its discretion to dismiss all or portions of a petition, not *whether* it can exercise that discretion.

Accordingly, we conclude that the juvenile court's authority to "set aside the findings and dismiss the petition, if the court finds that the interests of justice and the welfare of the person who is the subject of the petition require that dismissal," includes the power to dismiss any part of that petition. (§ 782, subd. (a)(1).) We therefore affirm the juvenile court's order dismissing J.P.'s third offense and committing him to an SYTF.

DISPOSITION

We affirm the judgment.

CERTIFIED FOR PUBLICATION

RAPHAEL
J.

We concur:

CODRINGTON
Acting P. J.

MENETREZ
J.

9