Filed 7/26/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re DAVID T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID T.,<br><br>Defendant and Appellant. | A148563<br><br>(Alameda County<br>Super. Ct. No. C-163423) |

Appellant David T. appeals from the juvenile court's denial of his motion to seal his juvenile records, brought pursuant to Welfare and Institutions Code section 781.[1] He contends that because the court granted his motion to dismiss the petition arising from a 1995 robbery adjudication, pursuant to section 782, the court erred in concluding it could not also seal his records due to a limitation found in section 781. We conclude that because the court's order setting aside the robbery finding and dismissing the petition under section 782 erased the petition as if it had never existed, the court improperly denied appellant's motion to seal his records under section 781. We will therefore reverse and remand the matter to the juvenile court with directions to grant the motion to seal appellant's juvenile records.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

## BACKGROUND

This case arises out of appellant's participation in the armed robbery of a pawnshop in Oakland in December 1994, when he was 17 years old. In January 1995, the juvenile court sustained a robbery allegation (Pen. Code, § 211) against appellant. Appellant was committed to the California Youth Authority (now known as the Department of Corrections and Rehabilitation, Division of Juvenile Facilities), where he spent three and one-half years. He was honorably discharged from parole in 2002.

On three prior occasions, appellant petitioned to have the records pertaining to his robbery offense sealed pursuant to section 781. On each of those occasions, the court denied his petition.

On January 19, 2016, at age 38, appellant filed an amended motion to set aside the robbery finding and dismiss the petition, pursuant to section 782, and to seal his juvenile records, pursuant to section 781.

On April 8, 2016, the court granted the motion to set aside the robbery finding and dismiss the petition on the ground that it was "in the interest of justice and welfare to do so." (See § 782.) The court, however, denied appellant's request to seal his juvenile records, pursuant to section 781, subdivision (a)(1)(D).

On May 27, 2016, appellant filed a notice of appeal.

## DISCUSSION

Appellant contends that since the juvenile court had set aside the 1995 robbery finding and dismissed the petition pursuant to section 782, it erred in concluding it could not seal the related records due to a limitation set forth in section 781, subdivision (a)(1)(D).[2]

---

[2] Section 781, subdivision (a)(1)(D) provides in relevant part: "Notwithstanding any other law, the court shall not order the person's records sealed in any case in which the person has been found by the juvenile court to have committed an offense [including robbery] listed in subdivision (b) of Section 707 when he or she attained 14 years of age or older."

# I. *Trial Court Background*

In his briefing in the trial court, appellant stated that, since his juvenile adjudication some 20 years earlier, he had, inter alia, worked with local youth at the Oakland YMCA, run his own janitorial business, worked as a stagehand on various productions, and worked as a limousine and Uber driver. In 2008, he had trained for months to become a firefighter and emergency medical technician before being told that his juvenile record would be a bar to joining the fire service.[3] Appellant's ultimate goal was to work with at risk youth fulltime as a mentor and counselor, but he was afraid that his juvenile record would prevent him from passing a background check or obtaining needed certification.

At the hearing in this matter, the juvenile court explained its rationale for granting the motion to set aside the robbery finding and dismiss the petition under section 782: "The court finds and the minutes will reflect that the interest of justice and welfare of the petitioner . . . requires such a dismissal. He is not a minor, the offense having occurred . . . over two decades ago. . . . [¶] To reach this conclusion, the court has considered the extreme length of time between the finding that was made by the juvenile court back when [appellant] was a minor. And in the two decades that have occurred since then, there is no evidence that [he] has suffered any further convictions. He appears to have led a law-abiding life."

---

As a preliminary matter, respondent asserts that "[b]ecause appellant's instant petition to seal the robbery records had already been brought and adjudicated three times and appellant sought no appellate review, he was barred from petitioning for the same relief in the proceedings which form the basis for this appeal under the doctrine of res judicata. [Citation.]" Respondent, however, never raised the issue of res judicata in the juvenile court, and has therefore forfeited the claim on appeal. (See, e.g., *In re Reno* (2012) 55 Cal.4th 428, 506; *David v. Hermann* (2005) 129 Cal.App.4th 672, 683.)

[3] Included in appellant's motion to dismiss his petition and seal his juvenile records was a June 2, 2012 letter from a fire captain who knew appellant, describing him as "one of the most honest and caring people I have had the privilege of meeting. He has worked hard to change his life around and everyone can see that he is on a good path."

The court, however, denied appellant's request to seal his juvenile records because it found applicable the bar in section 781 to sealing the records of a person found to have committed certain offenses, including robbery, at age 14 or older. The court explained: "I disagree with the argument of [appellant] that upon granting the request to set aside the juvenile adjudication that that has a retroactive effect that would in effect circumvent the application of this rule under Section 781[, subdivision] (a)(1)(d). [¶] The court is specifically concerned that in order to follow the law which provides that notwithstanding any other law the court shall not order the person's records sealed still applies to [appellant] [*sic*] and for purposes of sealing, the court does not agree that the law supports the fiction of pretending the Penal Code Section 211 adjudication never occurred, so that request is denied for the reasons stated."

## II. *Legal Analysis*

Although appellate courts normally review a juvenile court's denial of a petition to seal juvenile records for an abuse of discretion, where, as here, the review involves determining the proper interpretation of a statute, we utilize the de novo standard of review. (*In re Jeffrey T.* (2006) 140 Cal.App.4th 1015, 1018 (*Jeffrey T.*).)

"Our fundamental task in construing a statute 'is to ascertain the Legislature's intent [and] effectuate the law's purpose. [Citation.] We begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning. [Citation.] In doing so, however, we do not consider the statutory language "in isolation." [Citation.] Rather, we look to "the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]" [Citation.] That is, we construe the words in question " 'in context, keeping in mind the nature and obvious purpose of the statute . . . .' [Citation.]" [Citation.] We must harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." [Citations.] We must also avoid a construction that would produce absurd consequences, which we presume the Legislature did not intend. [Citations.]' [Citation.]" (*In re Greg F.* (2012) 55 Cal.4th 393, 406 (*Greg F.*).)

At issue in this case is the relationship between two statutes—sections 781 and 782—and the effect the trial court's order setting aside the robbery finding and dismissing the petition under section 782 had on appellant's eligibility to have his juvenile records sealed pursuant to section 781, in light of the limitation on record sealing set forth in that section.  (See § 781, subd. (a)(1)(D).)

Section 781, which sets forth the process and requirements for sealing juvenile records, provides in relevant part:  "In any case in which a petition has been filed with a juvenile court to commence proceedings to adjudge a person a ward of the court, . . . the person . . . may, five years or more after the jurisdiction of the juvenile court has terminated as to the person . . . or, in any case, at any time after the person has reached 18 years of age, petition the court for sealing of the records, including records of arrest, relating to the person's case, in the custody of the juvenile court and probation officer and any other agencies, including law enforcement agencies, entities, and public officials as the petitioner alleges, in his or her petition, to have custody of the records. . . .  If, after hearing, the court finds that since the termination of jurisdiction . . . he or she has not been convicted of a felony or of any misdemeanor or involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court, it shall order all records, papers, and exhibits in the person's case in the custody of the juvenile court [and other entities] sealed . . . .  Once the court has ordered the person's records sealed, the proceedings in the case shall be deemed never to have occurred, and the person may properly reply accordingly to any inquiry about the events, the records of which are ordered sealed."  (§ 781, subd. (a)(1)(A).)

As noted, subdivision (a)(1)(D) of section 781 contains the following limitation on eligibility for record sealing under that section:  "Notwithstanding any other law, the court shall not order the person's records sealed in any case in which the person has been found by the juvenile court to have committed an offense listed in subdivision (b) of Section 707 when he or she had attained 14 years of age or older."  Robbery is one of the offenses listed in section 707, subdivision (b).  (See § 707, subd. (b)(3).)

5

Section 781 was enacted " 'to protect minors from future prejudice resulting from their juvenile records.' [Citations.]" (*Jeffrey T.*, *supra*, 140 Cal.App.4th at p. 1020.) However, the language in subdivision (a)(1)(D), which bars record sealing in any case in which the person committed a section 707, subdivision (b) offense at age 14 or older, "was added in 2000 under Proposition 21 to further a very different purpose. Voters, according to section 2 of Proposition 21, desired to 'eliminat[e] confidentiality in some juvenile proceedings in order to hold juvenile offenders more accountable for their actions.' [Citations.] This 'more recent and specific intent underlying Proposition 21's amendments to section 781 prevail[s] over th[e] general intent' recognized when the statute was initially enacted [citation]." (*Jeffrey T.*, at pp. 1020-1021.)

Section 782, under which appellant's robbery finding was set aside and the petition dismissed, provides: "A judge of the juvenile court in which a petition was filed may dismiss the petition, or may set aside the findings and dismiss the petition, if the court finds that the interests of justice and the welfare of the person who is the subject of the petition require that dismissal, or if it finds that he or she is not in need of treatment or rehabilitation. The court has jurisdiction to order dismissal or setting aside of the findings and dismissal regardless of whether the person who is the subject of the petition is, at the time of the order, a ward or dependent child of the court. Nothing in this section shall be interpreted to require the court to maintain jurisdiction over a person who is the subject of a petition between the time the court's jurisdiction over that person terminates and the point at which his or her petition is dismissed."

A dismissal under section 782 differs from the standard dismissal that occurs when the juvenile court terminates jurisdiction at the conclusion of a juvenile case. Section 782 "was meant to codify and expand the juvenile court's discretionary dismissal power." *Greg F.*, *supra*, 55 Cal.4th at p. 419.) As the California Supreme Court has explained, section 782's legislative history does *not* show that it "was intended to be used for the limited purpose of terminating the juvenile court's jurisdiction. Rather, because section 782 extended the juvenile court's power to dismiss petitions and set aside findings to minors who were *not presently wards of the court*, legislative analyses observed that the

6

courts would be free to terminate jurisdiction over minors earlier, without fear of losing this authority" to subsequently dismiss the petition under section 782. (*Greg F.*, at p. 419.)

In determining whether the court properly found that appellant was ineligible for record sealing under section 781, even after it set aside the robbery finding and dismissed the petition, we find relevant the Third District Court of Appeal's opinion in *People v. Haro* (2013) 221 Cal.App.4th 718 (*Haro*). In *Haro*, the trial court had denied the defendant's motion to dismiss a strike allegation, under the Three Strikes law (§§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i)), based on his having suffered a prior juvenile adjudication for robbery, a serious felony within the meaning of the Three Strikes law. (*Haro*, at p. 720.) The defendant argued on appeal that because the juvenile court had previously dismissed the petition underlying the robbery adjudication pursuant to section 782, the court was now precluded from using that adjudication as a strike. (*Haro*, at p. 720.)

The appellate court agreed. It explained that section 782 is a general dismissal statute, similar in operation to Penal Code section 1385. (*Haro*, *supra*, 221 Cal.App.4th at p. 721, citing *Greg F.*, *supra*, 55 Cal.4th at p. 416 ["In terms similar to section 782, Penal Code section 1385 grants trial courts the power to dismiss a criminal action 'in furtherance of justice' "].)[4] In analyzing whether dismissal under section 782 has the same effect as a dismissal under section 1385, the *Haro* court found persuasive the Second District Court of Appeal's opinion in *People v. Barro* (2001) 93 Cal.App.4th 62 (*Barro*), in which the court discussed the effect of a dismissal under Penal Code section 1385. The *Barro* court concluded that "dismissal under section 1385 of the charge underlying a prior conviction operates, as a matter of law, to erase the prior conviction as if the defendant had never suffered the conviction in the initial instance." (*Barro*, at

---

[4] Penal Code section 1385, subdivision (a) provides in relevant part: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."

p. 66.)[5] Consequently, dismissal of such a charge, which would otherwise qualify as a strike, "precludes the use of that prior conviction as a strike under the Three Strikes law." (*Barro*, at p. 64; see *Haro* at p. 720.)

The *Haro* court ultimately concluded that a dismissal under section 782 of a petition underlying a juvenile adjudication has the same effect as a dismissal of a prior conviction, under section 1385. (*Haro*, *supra*, 221 Cal.App.4th at p. 720.) In reaching this conclusion, the court distinguished section 782 and Penal Code section 1385 from section 1772 and Penal Code section 1203.4, both of which offer relief from the future negative effects of a prior sustained petition or conviction, but which also include multiple limitations on the relief they offer.[6] (See *Haro*, at p. 722.) As the court pointed

---

[5] The *Barro* court similarly stated that "the effect of a dismissal under section 1385 is to wipe the slate clean as if the defendant never suffered the prior conviction in the initial instance. In other words, '[t]he defendant stands as if he had never been prosecuted for the charged offense. [Citation.]' [Citation.]" (*Barro*, *supra*, 93 Cal.App.4th at p. 67.)

[6] Section 1772, subdivision (a) provides in relevant part: "Subject to subdivision (b), every person honorably discharged from control by the Youth Authority Board . . . shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he or she was committed, and every person discharged may petition the court which committed him or her, and the court may upon that petition set aside the verdict of guilty and dismiss the accusation or information against the petitioner who shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he or she was committed, including, but not limited to, any disqualification for any employment or occupational license, or both, created by any other provision of law." Subdivision (b) then sets forth numerous exceptions to the release from all penalties and disabilities resulting from the offense. (§ 1772, subd. (b).)

Penal Code section 1203.4 provides in relevant part: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation . . . be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the

8

out when it compared section 782 with section 1772: " '[I]f the Legislature had intended a dismissal under section [782] to have the same prospective adverse consequences as section [1772], the Legislature would have amended section [782] by adding language to that effect.' [Citation.]" (*Haro*, at p. 723, quoting *Barro*, *supra*, 93 Cal.App.4th at p. 67 [which came to same conclusion with respect to sections 1385 and 1203.4]; compare *In re Chong K.* (2006) 145 Cal.App.4th 13, 20-21 [appellant was not entitled to have juvenile records sealed after being honorably discharged from control of Youth Authority Board despite language in section 1772, subdivision (a) providing for "release[] from all penalties and disabilities resulting from the offense or crime for which he or she was committed," in light of section 781, subdivision (a)(1)(D)'s specific provision excepting certain crimes from record sealing].)[7]

Although the court in *Haro* was interpreting section 782 for purposes of determining whether dismissal of a sustained juvenile petition under that section precluded the trial court from using the prior adjudication as a strike under the Three

accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted. . . . However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery Commission." Other provisions of the statute set forth additional limitations on the relief offered under subdivision (a)(1). (Pen. Code, § 1203.4, subds. (a)(2)-(a)(3).)

[7] Notably, the Legislature has amended section 782 since the addition of subdivision (a)(1)(D) of section 781, but did not add any limitations on the freedom from future adverse consequences for a person whose petition is dismissed under that section. (See *Haro*, *supra*, 221 Cal.App.4th at p. 723; see also *Greg F.*, *supra*, 55 Cal.4th at p. 406 [Legislature's failure " 'to change the law in a particular respect when the subject is generally before it and changes in other respects are made is indicative of an intent to leave the law as it stands in the aspects not amended' "].)

Strikes law in sentencing the defendant following a subsequent conviction as an adult, its reasoning and interpretation of section 782 are also applicable to the present circumstances. We agree with that court's conclusion that when a juvenile court sets aside findings and dismisses a petition under section 782, the court's action operates, " 'as a matter of law, to erase the prior [sustained petition] as if the defendant had never suffered [it] in the initial instance.' [Citation.]" (*Haro*, *supra*, 221 Cal.App.4th at p. 720; compare § 1772; Pen. Code, § 1203.4.)

Respondent nevertheless points to the court's finding in this case that the "[n]otwithstanding any other law" language in subdivision (a)(1)(D) of section 781 precluded it from sealing appellant's records regardless of the dismissal of the petition under section 782.

In *Arias v. Superior Court* (2009) 46 Cal.4th 969, 983, our Supreme Court stated: " 'The statutory phrase "notwithstanding any other provision of law" has been called a " 'term of art' " [citation] that declares the legislative intent to override all *contrary law*' " only, not to make every provision of law, including those that are not in conflict, inapplicable. (See also *Greg. F.*, *supra*, 55 Cal.4th at p. 407 [" ' "[t]he principle that a specific statute prevails over a general one applies only when the two sections cannot be reconciled" ' "].) In *In re G.Y.* (2015) 234 Cal.App.4th 1196, 1201 (*G.Y.*), for example, the appellate court found that the "notwithstanding" language in section 781, subdivision (a)(1)(D) prevailed over contrary law. In that case, the juvenile court had granted a motion to reduce an offense listed in section 707, subdivision (b) from a felony to a misdemeanor, pursuant to Penal Code section 17, subdivision (b), but refused to seal the person's juvenile records under section 781. (*G.Y.*, at p. 1198.) The appellate court affirmed on the grounds that (1) section 781 does not specify that offenses listed in section 707, subdivision (b) must be felonies, and (2) the court's reduction of the offense to a misdemeanor did "not alter the fact that a juvenile court had previously found that he committed a felony offense listed in section 707, subdivision (b)." (*G.Y.*, at p. 1203.)

In *Haro*, on the other hand, the court found that dismissal of the petition pursuant to section 782 precluded the trial court from using that adjudication to enhance a

10

defendant's sentence under Penal Code section 1170.12, which itself contains three "notwithstanding" clauses. (See *Haro*, *supra*, 221 Cal.App.4th at p. 720.)[8] The *Haro* court found that the "notwithstanding" language was inapplicable in that case because Penal Code section 1170.12 and section 782 are not in conflict. (*Haro*, at p. 720.) Instead, under section 782, once the juvenile court had set aside the findings and dismissed the defendant's juvenile petition, the petition was effectively erased, " 'as if the defendant had never suffered [it] in the initial instance.' " (*Haro*, at p. 720.) Thus, there was no "prior serious and/or violent felony conviction" for purposes of enhancing the defendant's sentence under the Three Strikes law, and the "notwithstanding" language in section 1170.12 simply did not apply. (§ 1170.12, subd. (d)(1).) Likewise, in this case, once the court set aside the robbery finding and dismissed the petition under section 782, there was no longer any robbery finding or sustained petition left to be governed by the limitation on record sealing contained in subdivision (a)(1)(D) of section 781.[9]

---

[8] The relevant provisions in section 1170.12 provide: "(a) *Notwithstanding any other provision of law*, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious and/or violent felony convictions, as defined in subdivision (b), the court shall adhere to each of the following: [¶] . . . [¶]

"(b) *Notwithstanding any other provision of law* and for the purposes of this section, a prior serious and/or violent conviction of a felony shall be defined as: [¶] . . . [¶]

"(d)(1*) Notwithstanding any other provision of law,* this section shall be applied in every case in which a defendant has one or more prior serious and/or violent felony convictions as defined in this section. . . ." (Italics added.)

[9] In other words, as appellant puts it, after a "*finding*" is set aside and the petition dismissed under section 782, a person can no longer be "*found*" to have committed an offense listed in section 707, subdivision (b), pursuant to the exception to record sealing in subdivision (a)(1)(D) of section 781. (§§ 781, subd. (a)(1)(D); 782, italics added.)

Respondent disagrees with the conclusion in *Haro*, and points out that, unlike section 781, section 782 contains no language indicating an intent to treat a prior adjudication as if it had never occurred. (See § 781, subd. (a)(1)(A) ["Once the court has ordered the person's records sealed, the proceedings in the case shall be deemed never to have occurred"].) However, as discussed, section 782 is a general dismissal statute,

For all of these reasons, we agree with appellant that dismissal under section 782 is fundamentally different from other forms of dismissal (e.g., § 1172; Pen. Code, § 1203.4; see *Greg F.*, *supra*, 55 Cal.4th at p. 419) or reduction of an offense listed in section 707, subdivision (b) to a misdemeanor. (Pen. Code, § 17, subd. (b); see *G.Y.*, *supra*, 234 Cal.App.4th at p. 1203.) Section 782, like Penal Code section 1385, is a general dismissal statute, and once a juvenile court has determined in its discretion "the interests of justice and the welfare of the person who is the subject of the petition require that dismissal" (§ 782), such a dismissal is intended to erase a prior adjudication—not merely reduce or mitigate it—and to thereby protect the person from any and all future adverse consequences based on that adjudication. (See *Haro*, *supra*, 221 Cal.App.4th at p. 720; see also *Barro*, *supra*, 93 Cal.App.4th at p. 66.)

Respondent notes that section 786, a record sealing statute added in 2014 to provide for automatic dismissal and sealing of juvenile records upon successful completion of probation, was amended in 2015 to state that a court may not seal a juvenile's record or dismiss a petition for any section 707, subdivision (b) offense "*unless the finding on that offense was dismissed or was reduced to a lesser offense that is not listed in subdivision (b) of section 707.*" (§ 786, subd. (d), italics added.)[10] Respondent argues that the Legislature could have created a similar exception in section 781, subdivision (a)(1)(D), but did not, and that, therefore, "the logical inference is that it did

_____

which gives the trial court broad discretion to set aside findings and dismiss a petition if it finds, as the court did here, that the interests of justice and the welfare of the person who is the subject of the petition require it. Section 782 contains none of the limitations and potential future adverse consequences described in other statutes, such as section 1772 and Penal Code section 1203.4. (See *Haro*, *supra*, 221 Cal.App.4th at p. 723.) Instead, as discussed, such a dismissal is unqualified and absolute. (See *id.* at p. 720.)

[10] Subdivision (e)(1) of section 786 further provides that "[t]he court may, in making its order to seal the record and dismiss the instant petition pursuant to this section, include an order to seal a record relating to, or to dismiss, any prior petition or petitions that have been filed or sustained against the individual and that appear to the satisfaction of the court to meet the sealing and dismissal criteria otherwise described in this section."

12

not intend to create one." We do not agree that the Legislature's 2015 amendment of section 786 to add subdivision (d) warrants the assumption that the Legislature, in failing to also amend subdivision (a)(1)(D) of section 781 to add similar language, must have intended for a person whose petition was dismissed under section 782 to be precluded from record sealing under section 781 if the offense dismissed was a crime listed in subdivision (b) of section 707. Section 782 is a very different statute from section 786 in that it vests broad discretion in the trial court and contains a much higher standard for dismissal. Therefore, we do not agree with respondent that amended subdivision (d) of section 786 sheds any light on the Legislature's intent with respect to the effect of a dismissal under section 782 on a person's eligibility for record sealing under section 781.

In addition, to adopt respondent's suggested interpretation of sections 781 and 782 to preclude a person who has satisfied the strict criteria for dismissal under section 782 from having his or her records sealed under section 781 because the dismissed offense is listed in subdivision (b) of section 707 would render useless the relief offered by the dismissal in terms of protecting that person from future repercussions related to employment and other undertakings. Such an interpretation would thus undermine the purpose of this general dismissal statute, which is to " 'erase the prior conviction as if the [person] had never suffered the conviction in the initial instance' " (*Haro*, *supra*, 221 Cal.App.4th at p. 720) in cases in which "the interests of justice and welfare of the person who is the subject of the petition require that dismissal." (§ 782; see *Greg F.*, *supra*, 55 Cal.4th at p. 406.)

In this case, for example, appellant would remain stymied by the sustained petition in his efforts to become a mentor and counselor for at risk youth, despite the court's finding that the interest of justice and his welfare *required* dismissal under section 782, due to the fact that the offense had taken place over two decades earlier and appellant had "led a law-abiding life" ever since.

13

## DISPOSITION

The order denying appellant's motion to seal his juvenile records is reversed, and the matter is remanded to the juvenile court with directions to grant the motion to seal his records, pursuant to section 781.

                                         _____

Kline, P.J.

We concur:

_____

Richman, J.

_____

Stewart, J.

*In re David T.* (A148563)

Trial Court:                              Alameda County Superior Court

Trial Judge:                             Hon. Charles Smiley


Attorney for Appellant:               East Bay Community Law Center
                                          Katherine R. Weisburd

Attorneys for Respondent              Attorney General of California
                                          Kamala Harris

                                          Kathleen A. Kenealy
                                          Acting Attorney General of California

                                          Gerald A. Engler
                                          Chief Assistant Attorney General

                                          Jeffrey M. Laurence
                                          Senior Assistant Attorney General

                                          Eric D. Share
                                          Supervising Deputy Attorney General

                                          Huy T. Luong
                                          Deputy Attorney General