Filed 11/10/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re JHONNY S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. JHONNY S., Defendant and Appellant. | A164489 (Contra Costa County Super. Ct. No. J1700117) |

This is an appeal from a juvenile court order denying the petition of defendant Jhonny S. to dismiss his juvenile delinquency petition after he successfully completed probation and the Division of Juvenile Justice (DJJ) granted him an honorable discharge. Jhonny argues that Welfare and Institutions Code[1] section 1179, subdivision (d) requires a juvenile court to grant the petition to dismiss of a ward who has obtained honorable discharge. We agree and, thus, reverse.

---

[1] Unless otherwise stated, all statutory citations are to the Welfare and Institutions Code.

## PROCEDURAL BACKGROUND[2]

On December 12, 2018, the juvenile court committed Jhonny to the DJJ for a maximum term of confinement of four years after he admitted on an amended petition under Welfare and Institutions Code section 602 committing one felony count of assault with force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4)).

On November 30, 2020, Jhonny's wardship and probation were successfully terminated, and on October 25, 2021, the DJJ granted him an honorable discharge.

On December 9, 2021, Jhonny filed a petition to have his juvenile record sealed and his petition dismissed pursuant to sections 781 and 782. Jhonny argued, inter alia, that under section 1179, subdivision (d), dismissal of his juvenile petition was mandatory because the DJJ granted him an honorable discharge.

On January 27, 2022, the juvenile court granted Jhonny's petition to have his juvenile record sealed but declined to dismiss his petition, citing section 782. The next day, Jhonny filed a timely notice of appeal.

---

[2] This case raises a single legal issue rooted in principles of statutory interpretation. Accordingly, the underlying facts of this case are not relevant. Nonetheless, the People, in the respondent's brief, set forth a full narrative of the original charges against Jhonny, which included forcible rape and sexual penetration by a foreign object, taken largely from a 2016 police report filed by Jane Doe 1, one of the alleged victims. In doing so, the People neglect to add that, after a five-day contested jurisdictional hearing at which 13 witnesses testified, the juvenile court ultimately dismissed all but a single felony sexual assault count related to another victim, Jane Doe 2. Thus, the facts set forth in the respondent's brief were never found true in court and are wholly irrelevant to the issue raised in this appeal. We share Jhonny's expression of consternation with the People's conduct in this regard.

## DISCUSSION

The sole issue on appeal is whether section 1179, subdivision (d) required the juvenile court to dismiss Jhonny's section 602 petition based on the honorable discharge he obtained from the DJJ, or whether the court properly exercised its discretion under section 782 to decline to dismiss it. This purely legal issue involving statutory interpretation is reviewed de novo. (*In re David T.* (2017) 13 Cal.App.5th 866, 871 (*David T.*).)

"Our fundamental task in construing a statute 'is to ascertain the Legislature's intent [and] effectuate the law's purpose. [Citation.] We begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning. [Citation.] In doing so, however, we do not consider the statutory language "in isolation." [Citation.] Rather, we look to "the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]" [Citation.] That is, we construe the words in question " 'in context, keeping in mind the nature and obvious purpose of the statute . . . .' [Citation.] [Citation.]" We must harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." [Citations.] We must also avoid a construction that would produce absurd consequences, which we presume the Legislature did not intend. [Citations.]' " (*In re Greg F.* (2012) 55 Cal.4th 393, 406 (*Greg F.*).)

Below, the juvenile court sided with the People in finding that under section 782 it had discretion, which it utilized, to deny Jhonny's request to dismiss his juvenile petition. On appeal, Jhonny contends the court acted in disregard of the mandatory language in section 1179, subdivision (d) requiring dismissal. To decide which position is correct, we turn to the statutory language. Three separate provisions, identified *post*, are relevant.

3

Section 782 currently provides: "A judge of the juvenile court in which a petition was filed may dismiss the petition, or may set aside the findings and dismiss the petition, if the court finds that the interests of justice and the welfare of the person who is the subject of the petition require that dismissal, or if it finds that he or she is not in need of treatment or rehabilitation. The court has jurisdiction to order dismissal or setting aside of the findings and dismissal regardless of whether the person who is the subject of the petition is, at the time of the order, a ward or dependent child of the court. Nothing in this section shall be interpreted to require the court to maintain jurisdiction over a person who is the subject of a petition between the time the court's jurisdiction over that person terminates and the point at which his or her petition is dismissed."[3]

Section 1179, in turn, provides in relevant part: "(a) Each person honorably discharged by the Board of Juvenile Hearings shall thereafter be released from all penalties or disabilities resulting from the offenses for which the person was committed, including, but not limited to, penalties or disabilities that affect access to education, employment, or occupational licenses. . . . [¶] . . . [¶] (d) In the case of a person granted an honorable discharge, the Department of Corrections and Rehabilitation, Division of Juvenile Facilities shall immediately certify the discharge or dismissal in writing, and shall transmit the certificate to the committing court and the Department of Justice. The court shall thereupon dismiss the accusation and the action pending against that person."

Finally, section 1772, subdivision (a) provides: "Subject to subdivision (b) [not relevant here], every person discharged by the Board of

---

[3] Effective January 1, 2023, section 782 is amended per Senate Bill No. 1493. (Stats. 2022, ch 197, § 38, No. 4 Deering's Adv. Legis. Service, p. 159.)

4

Juvenile Hearings may petition the court that committed him or her, and the court may upon that petition set aside the verdict of guilty and dismiss the accusation or information against the petitioner who shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he or she was committed, including, but not limited to, penalties or disabilities that affect access to education, employment, or occupational licenses."

Comparing these statutes, only one, section 1179, squarely addresses the court's authority to dismiss a juvenile petition where, as here, the juvenile has obtained an honorable discharge from the DJJ. Specifically, subdivision (d) of this statute provides that where an individual has been "granted an honorable discharge," two actions are required. First, the Department of Corrections and Rehabilitation, Division of Juvenile Facilities, "shall immediately certify the discharge or dismissal in writing, and shall transmit the certificate to the committing court . . . ." Second, the court "shall thereupon dismiss the accusation and the action pending against that person." (§ 1179, subd. (d).)

On the other hand, section 1772, subdivision (a) provides more generally that where an individual "discharged by the Board of Juvenile Hearings" petitions the juvenile court to dismiss his or her juvenile petition, the court "may" grant the petition and thereby release him or her from "from all penalties and disabilities resulting from the offense or crime for which he or she was committed . . . ." (See *In re J.S.* (2015) 237 Cal.App.4th 452, 458 ["Under section 1772, subdivision (a), whether honorably discharged, generally discharged or dishonorably discharged, any youth can also petition the juvenile court to set aside the verdict of guilty and dismiss the accusation

5

or information against the youth, and thereafter the youth would be eligible for release from all penalties and disabilities"].)

Section 782 likewise gives the court discretion to dismiss a juvenile petition. However, section 782 is even more general than section 1772 in that the individual seeking dismissal need not be discharged at all. Regardless of whether " 'the person who is the subject of the petition is, at the time of the order, a ward or dependent child of the court,' " the court " 'may dismiss the petition, or may set aside the findings and dismiss the petition, if the court finds that the interests of justice and the welfare of the person who is the subject of the petition require that dismissal, or if it finds that he or she is not in need of treatment or rehabilitation.' " (*David T., supra*, 13 Cal.App.5th at p. 873.) Thus, "section 782 is a general dismissal statute, similar in operation to Penal Code section 1385." (*Ibid.*)

Applying the standard principles of interpretation, we draw two immediate conclusions. First, the language in these statutes is clear such that we need not resort to legislative history. (*Greg F., supra*, 55 Cal.4th at p. 408.) Second, while these statutes deal with the same subject matter (dismissal of a juvenile petition), there is a conflict among them arising from the Legislature's choice of mandatory language in section 1179, subdivision (d) (the court "shall" dismiss) and discretionary language in sections 782 and 1772 (the court "may" dismiss). Under these circumstances, the law is clear that the specific statute must prevail. (*Greg F., supra*, 55 Cal.4th at p. 407.) Accordingly, because only section 1179, subdivision (d) addresses the specific issue raised here of the dismissal of the petition of an individual who has obtained honorable discharge from the DJJ, we agree with Jhonny this provision governs his case.

6

Offering further guidance is *People v. Navarro* (1972) 7 Cal.3d 248 (*Navarro*), a case cited by both parties, which examined the interplay of these provisions at length.  The court first explained:  "Section 1772 is contained in division 2.5, 'Youths' (§ 1700 et seq.) in article 4, 'Powers and Duties of the Youth Authority,' of the Welfare and Institutions Code. . . .  Division 2, 'Children,' contains . . . the Juvenile Court Law (§ 500 et seq. [including section 782]) and . . . 'Institutions for Delinquents' (§ 1000 et seq. [including section 1179]). . . .  *The provisions of divisions 2 and 2.5 necessarily overlap and must be considered together*."  (*Navarro, supra*, at pp. 273–274, italics added.)  The court then identified section 1179 as "[a] provision somewhat similar to section 1772 . . . ."  (*Navarro, supra*, 7 Cal.3d at p. 274.)  "Section 1179, like section 1772, *confers an absolute right*, where and as soon as honorable dismissal or discharge has occurred, upon persons affected to be released 'from all penalties or disabilities resulting from the offenses for which they were committed.'  In addition it contains mandatory language directing the Youth Authority [now the Department of Corrections and Rehabilitation, Division of Juvenile Facilities] upon such final discharge or dismissal to 'immediately certify such discharge or dismissal in writing' and to 'transmit the certificate to the court by which the person was committed.'  The court is *required* to 'thereupon dismiss the accusation and the action pending against such person.'  *No clearer language could have been used to express the legislative intent as to section 1179.*"  (*Navarro, supra*, at p. 274, italics added.)

Thus, based on section 1179's clear language, the *Navarro* court held that "upon receiving his certificate of honorable discharge Navarro was entitled as a matter of right to have . . . the committing court take the procedural steps required by sections 1179 and 1772."  (*Navarro, supra*, 7

7

Cal.3d at p. 278.) In so holding, the court noted, "In section 1772 the phrase reading 'and every person discharged *may* petition the court which committed him, and the court *may upon such petition* set aside the verdict of guilty and dismiss the accusation or information against the petitioner who shall *thereafter* be released from all penalties and disabilities resulting from the offense or crime for which he was committed,' (italics added [by *Navarro*]) confers discretionary power upon the court to grant this relief on such showing as to the court seems satisfactory, after application by the person who did not receive an 'honorable' discharge." (*Navarro, supra*, at p. 278.)

The *Navarro* decision fully supports our conclusion that the juvenile court erred in this case by applying the discretionary language of section 782 as a basis for denying Jhonny's petition to dismiss. Just as the defendant in *Navarro*, Jhonny, "upon receiving his certificate of honorable discharge . . . was entitled as a matter of right" to have the juvenile court take the procedural step required by section 1179, subdivision (d) of dismissing his petition. (*Navarro, supra*, 7 Cal.3d at p. 278.) Accordingly, the court's order of January 27, 2022, denying Jhonny's request for dismissal must be reversed.

## DISPOSITION

The juvenile court's denial of Jhonny's petition to dismiss his juvenile petition, dated January 27, 2022, is reversed. On remand, the juvenile court is directed to apply section 1179, subdivision (d) to the facts of this case and, if the statutory criteria are met, to dismiss said petition in accordance with the statute's mandatory language.

_____
Jackson, P. J.

WE CONCUR:


_____
Simons, J.


_____
Burns, J.


A164489/*People v. Jhonny S.*

9

A164489/People v. Jhonny S.

Trial Court:          Superior Court of the County of Contra Costa

Trial Judge:          Barbara C. Hinton

Counsel:              Jeffrey A. Glick, under appointment by the Court of
                           Appeal, for Defendant and Appellant.

                      Rob Bonta, Attorney General, Lance E. Winters and
                           Jeffrey M. Laurence, Assistant Attorneys General,
                           Rene A. Chacon and Masha A. Dabiza, Deputy
                           Attorneys General, for Plaintiff and Respondent.