Filed 12/26/23  In re B.B. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re B.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>B.B.,<br><br>    Defendant and Appellant. | E081240<br><br>(Super.Ct.No. J250130)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Charles J. Umeda, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

1

Benjamin B. admitted one count of forcible lewd conduct (Pen. Code, § 288, subd. (b)) and was adjudged a ward of the court and committed to the Division of Juvenile Justice (DJJ).  Almost a decade after his wardship was terminated, Benjamin filed a motion to dismiss the petition and set aside the prior adjudication under Welfare and Institutions Code section 782.  (Unlabeled statutory citations refer to this code.)  Benjamin also sought to seal his records under section 781 and to terminate his duty to register as a sex offender under Penal Code section 290.008.  While the motion was pending, Benjamin filed a supplemental motion to dismiss under section 1179 on the ground that the DJJ had recently granted him an honorable discharge.  After a hearing, the juvenile court concluded that Benjamin was entitled to dismissal under both section 782 and section 1179 but was not entitled to record sealing or termination of the registration requirement.

On appeal, Benjamin argues that the juvenile court erred by denying his remaining requests for relief.  He asserts that a dismissal under section 782 eliminates all future adverse consequences associated with the prior adjudication and therefore entitles him to have his records sealed and to be relieved from the registration requirement.  We conclude that Benjamin's argument lacks merit, and we accordingly affirm.

2

BACKGROUND

In June 2013, when Benjamin was 20 years old, he took a polygraph exam for employment with the San Bernardino County Sheriff's Department. During the exam, Benjamin admitted that he had sexually molested his younger sister. After being notified of those statements by the sheriff's department, the Colton Police Department opened an investigation. In an interview with police, Benjamin's sister reported that Benjamin had continuously sexually abused her over a period of about two years, starting when she was eight years old. She said that Benjamin had intercourse with her against her will and made her masturbate and orally copulate him. Benjamin was arrested and confessed to the abuse. He admitted that he had bribed his sister with video games to get her to orally copulate him and engage in vaginal and anal intercourse.

On July 1, 2013, the People filed a petition under section 602, alleging that Benjamin committed two counts of forcible lewd conduct (Pen. Code, § 288, subd. (b)(1)) and one count of continuous sexual abuse (Pen. Code, § 288.5). The petition alleged that the two counts of lewd conduct took place between January 1, 2006 (when Benjamin was 13 years old and his sister was eight) and January 1, 2008 (when Benjamin was 15 and his sister was 10). The petition alleged that the conduct underlying the continuous abuse count took place between January 1, 2006, and June 28, 2009. Along with the petition, the People requested a fitness hearing under former section 707, subdivision (c), which applied a rebuttable presumption of unfitness to minors who were alleged to have committed enumerated serious or violent felonies when they were 14

3

years old or older. On July 11, 2013, the probation department filed a report recommending that Benjamin was unfit for the juvenile justice system and should be transferred to criminal court.

On August 30, 2013, Benjamin admitted one count of forcible lewd conduct as alleged in the petition in exchange for the dismissal of the People's transfer request and the two remaining counts. At the dispositional hearing the following month, the juvenile court adjudged Benjamin a ward of the court and committed him to the DJJ for a maximum term of confinement of 10 years. Less than two years later, in May 2015, Benjamin received a grant of discharge from the DJJ. In September 2015, after Benjamin successfully completed probation, the court terminated his wardship.

In March 2021, Benjamin filed a motion to have his juvenile records sealed and his petition dismissed under sections 781 and 782, respectively. He also sought to terminate his duty to register as a sex offender, arguing that dismissal under section 782 eliminated all negative future consequences of the prior adjudication, including the mandatory registration requirement under Penal Code section 290.008. To support his motion, Benjamin stated that he had completed a sexual behavior treatment program at the DJJ and that, since discharge, he had remained law-abiding and steadily employed. The People opposed the motion, arguing that dismissal was neither in the interests of justice nor in Benjamin's best interest. In May 2021, the juvenile court denied Benjamin's motion in its entirety.

About two years later, in February 2023, Benjamin filed the present motion, requesting the same relief as his motion from 2021. Benjamin stated that he has continued on the same positive trajectory since his previous motion. He stated that he remains law-abiding and was promoted to district sales manager within his company. The People opposed the motion.

On April 6, 2023, while the motion was pending, the DJJ granted Benjamin an honorable discharge. (§ 1177.) The following day, Benjamin filed a supplemental motion that cited section 1179 as an alternate, independent basis for dismissing the petition. He argued that whereas dismissal is discretionary under section 782, dismissal is mandatory under section 1179 if the petitioner has been granted an honorable discharge. The People did not respond to the supplemental motion.

The juvenile court held a hearing on the motion on May 3, 2023. Because of Benjamin's honorable discharge and his progress since reentering society, the court concluded that he was entitled to dismissal under both section 1179 and section 782. However, the court also concluded that Benjamin was not entitled to the other relief requested. As for the registration requirement, the court reasoned that nothing in section 782 or section 1179 authorized termination or shortening of the 10-year minimum requirement contained in Penal Code section 290.008, subdivision (d)(2). Regarding the sealing request, the court determined that relief was barred by section 781's provision that "a record relating to an offense listed in subdivision (b) of Section 707 that was committed after attaining 14 years of age for which the person is required to register

5

pursuant to Section 290.008 of the Penal Code shall not be sealed." (§ 781, subd. (a)(1)(F).) The court noted that Benjamin could file a motion to terminate his duty to register in two years, once the mandatory 10-year period expired.

DISCUSSION

Benjamin argues that the juvenile court erred by denying his request to seal his records and terminate the registration requirement. He contends that the dismissal of his petition under section 782 released him from all future adverse consequences associated with the adjudication, which includes the sealing limitation in section 781 and the 10-year registration requirement in Penal Code Section 290.008. We disagree.

A.     *The Relevant Statutes*

Benjamin's argument presents a question of statutory interpretation subject to de novo review. (*In re Jhonny S.* (2022) 85 Cal.App.5th 282, 286.) In construing statutory provisions, we ascertain the Legislature's intent "'by examining the statute's words, giving them a plain and commonsense meaning.'" (*In re Greg F.* (2012) 55 Cal.4th 393, 406.)

Section 782 grants the juvenile court the power to "dismiss the petition" or "set aside the findings and dismiss the petition" if the court finds that dismissal serves "the interests of justice and the welfare of the person who is the subject of the petition." (§ 782, subd. (a)(1).) Section 782 was amended, effective January 1, 2023, to state that a "[d]ismissal of a petition, or setting aside of the findings and dismissal of a petition, pursuant to this section, . . . does not alone constitute a sealing of records as defined in

6

Section 781 or 786" and that "[a]ny unsealed records pertaining to the dismissed petition may be accessed, inspected, or used by the court, the probation department, the prosecuting attorney, or counsel for the minor in juvenile court proceedings commenced by the filing of a new petition alleging the person is a person described by Section 602." (§ 782, subd. (e).)

Section 781 governs the sealing of juvenile records. In relevant part, the statute states that "five years or more after the jurisdiction of the juvenile court has terminated as to the person," the person may "petition the court for sealing of the records, including records of arrest, relating to the person's case, in the custody of the juvenile court and probation officer and any other agencies, including law enforcement agencies, entities, and public officials as the petitioner alleges, in the petition, to have custody of the records." (§ 781, subd. (a)(1)(A).) The court shall order the records sealed if, after a hearing, it "finds that since the termination of jurisdiction . . . the person has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court." (*Ibid.*)

Subdivisions (a)(1)(D) and (a)(1)(E) of section 781 contain additional requirements for the sealing of records relating to any of the serious or violent felony offenses listed in subdivision (b) of section 707. However, subdivision (a)(1)(F) of section 781 contains an express sealing prohibition for a subset of sex offenses listed in section 707, subdivision (b). Section 781, subdivision (a)(1)(F), states: "Notwithstanding subparagraphs (D) and (E), a record relating to an offense listed in

7

subdivision (b) of Section 707 that was committed after attaining 14 years of age for which the person is required to register pursuant to Section 290.008 of the Penal Code shall not be sealed."  (§ 781, subd. (a)(1)(F).)

Finally, Penal Code section 290.008 governs the registration requirement for juveniles adjudicated wards of the court for specified sex offenses.  The statute contains a list of enumerated sex offenses, some of which are also serious or violent felonies under subdivision (c) of Penal Code section 667.5.  Juvenile offenders who have suffered an adjudication for an enumerated sex offense that is not a serious or violent felony are considered tier one offenders, and they are required to register for a minimum of five years.  (Pen. Code, § 290.008, subd. (d)(1).)  Juvenile offenders who have suffered an adjudication for an enumerated sex offense that is a serious or violent felony are considered tier two offenders, and they are required to register for a minimum of 10 years.  (Pen. Code, § 290.008, subd. (d)(2).)  Subdivision (a) of section 290.008 states that persons required to register "shall register in accordance with the Act unless the duty to register is terminated pursuant to Section 290.5 or as otherwise provided by law." (Pen. Code, § 290.008, subd. (a).)

B.      *Benjamin Is Not Entitled to Record Sealing or Termination of the Registration Requirement*

Benjamin is a tier two juvenile offender under Penal Code section 290.008 because his offense of forcible lewd conduct (Pen. Code, § 288, subd. (b)) is both an enumerated sex offense and a serious or violent felony under Penal Code section 667.5,

8

subdivision (c). (Pen. Code, § 290.008, subd. (d)(2).) As a tier two offender, Benjamin must register for a minimum of 10 years. Because that period had not yet expired when the court ruled on Benjamin's request, the court correctly determined that he was not entitled to termination of the registration requirement. (*Ibid.*)

Relying on Penal Code section 290.008's statement that the duty to register may be terminated pursuant to Penal Code section 290.5 or "as otherwise provided by law" (Pen. Code, § 290.008, subd. (a)), Benjamin argues that section 782 is a statute that otherwise provides for termination because it provides for dismissal of the adjudication that triggered the registration requirement. The juvenile court rejected that argument on the ground that section 782 does not say anything about Penal Code section 290.008 or the duty to register. We agree with the juvenile court. Because section 782 is silent as to registration, it does not "otherwise provide[]" a mechanism for terminating the registration requirement within the meaning of Penal Code section 290.088, subdivision (a).

Benjamin argues that if section 782 does not authorize termination of the registration requirement upon dismissal, then the "as otherwise provided by law" language in subdivision (a) of Penal Code section 290.008 would be rendered surplusage. That is incorrect. As the People point out, there are other statutes that expressly provide for termination of the registration requirement when certain conditions have been met. (See, e.g., § 781, subd. (a)(1)(C) [duty to register terminates upon the sealing of a record].) Section 782 is not one of those statutes.

9

As for Benjamin's request for record sealing, because his adjudication requires him to register as a sex offender and because he committed the offense when he was older than 14, the prohibition on sealing in subdivision (a)(1)(F) of section 781 applies to him. Consequently, even if Benjamin could satisfy the requirements for sealing (i.e., suffering no convictions for crimes of moral turpitude and attaining rehabilitation), section 781, subdivision (a)(1)(F), directs the court not to seal his records. (See *In re Chong K.* (2006) 145 Cal.App.4th 13, 20-21 [concluding that the sealing limitation in former section 781 applied to the appellant even though his prior adjudication was dismissed under section 1772].)

Citing *In re David T.* (2017) 13 Cal.App.5th 866 (*David T.*), Benjamin argues that dismissal under section 782 releases him from all future adverse consequences associated with his prior adjudication, including the sealing prohibition in section 781 and the registration requirement in Penal Code section 290.008. Benjamin's reliance on *David T.* is misplaced because that opinion interpreted a version of section 782 that was materially different from the current version. In *David T.*, the court concluded that former section 782 was analogous to Penal Code section 1385 because both provisions granted courts the power to enter dismissals in furtherance of justice and neither provision contained language limiting the effect of such dismissals. (*David T.*, at pp. 874-877.) Because neither statute contained any limiting language, the court held that a dismissal under former section 782 released the petitioner from "any and all future adverse

10

consequences" associated with the dismissed adjudication, including a sealing limitation contained in an earlier version of section 781.[1] (*Id.* at p. 877.)

After *David T.* was issued, however, the Legislature amended section 782 to add limitations to the effect of a dismissal, including a limitation regarding record sealing. (Stats. 2022, ch. 970 (A.B. 2629), § 1.) Because of those recent amendments, *David T.*'s reason for concluding that a dismissal under section 782 eliminates all future adverse consequences associated with the adjudication no longer applies. As noted, section 782 now states that a "setting aside of the findings and dismissal of a petition, pursuant to this section, . . . does not alone constitute a sealing of records as defined in Section 781." (§ 782, subd. (e).) Thus, contrary to *David T.*, Benjamin is not automatically entitled to have his records sealed. (See *David T.*, *supra*, 13 Cal.App.5th at pp. 877, 879.) Rather, Benjamin must seek such relief under section 781, which, as discussed, contains a record sealing limitation that applies to him. (§ 781, subd. (a)(1)(F).)

For all of these reasons, the juvenile court did not err by denying Benjamin's requests to seal his records and to terminate his registration requirement.

---

[1] The version of section 781 in effect at the time stated: "'Notwithstanding any other law, the court shall not order the person's records sealed in any case in which the person has been found by the juvenile court to have committed an offense listed in subdivision (b) of Section 707 when he or she had attained 14 years of age or older.'" (Former § 781, subd. (a)(1)(D).)

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

12