Filed 4/16/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Taylor C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> TAYLOR C., <br><br>     Defendant and Appellant. | A168282 <br><br> (Solano County <br> Super. Ct. No. J37038) |

Taylor C. (Taylor) was first declared a ward of the court when he was 14 years old. Several years later, after his wardship ended, Taylor successfully moved to dismiss his wardship petitions under Welfare and Institutions Code section 782.[1] Taylor then moved to seal the related juvenile court records, but the juvenile court denied the motion on the basis that his prior adjudications for committing forcible lewd conduct (Pen. Code, § 288, subd. (b)(1)) made his records ineligible for sealing under section 781, subdivision (a)(1)(F).

On appeal, Taylor contends his juvenile records were eligible for sealing because the court's dismissal of the wardship petitions under section 782

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

erased the adjudication of his forcible lewd conduct offenses as if they "never existed." We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2006, the district attorney filed a juvenile wardship petition (§ 602) alleging Taylor, then 14 years old, committed misdemeanor sexual battery by restraint (Pen. Code, § 243.4). In 2007, he admitted the allegation. The juvenile court declared Taylor a ward of the court and placed him on probation.

Later that same year, 2007, the district attorney filed another wardship petition alleging Taylor committed two counts of a forcible lewd or lascivious act on a child under the age of 14 (Pen. Code, § 288, subd. (b)(1)), in April 2007. After a contested hearing, the juvenile court sustained both allegations. The court continued Taylor as a ward and placed him on probation in a group home.

Between 2009 and 2010, the probation department filed three separate wardship petitions alleging Taylor violated his probation after being terminated from three different group homes. Taylor admitted the first two allegations, and the juvenile court found true the third allegation following a contested hearing. In 2010, the juvenile court committed Taylor to the California Department of Corrections and Rehabilitation, Division of Juvenile Justice (DJJ) for four years.

In 2013, the juvenile court terminated DJJ jurisdiction over Taylor and placed him on probation in his mother's custody. In 2015, Taylor's probation terminated and his wardship ended. In 2022, DJJ granted Taylor an honorable discharge.

*Motions to Dismiss and Seal*

In May 2023, Taylor sought dismissal of all the juvenile court petitions filed against him pursuant to section 782, which permits a court to dismiss wardship petitions pursuant to criteria specified within the code. (§ 782, subd. (a)(1).) The juvenile court held a hearing, granted the motion, and dismissed the petitions. It found that the interests of justice and Taylor's welfare warranted dismissal and that he was no longer in need of rehabilitation.

At the dismissal hearing, Taylor argued that dismissal of the petitions would also make him eligible to have his juvenile records sealed. The court disagreed, citing to the prohibition in subdivision (a)(1)(F) of section 781 on sealing records relating to his forcible lewd conduct offenses but noted Taylor could file a motion to seal raising this argument.

In June 2023, Taylor moved to seal his juvenile court records under section 781. He acknowledged that his prior offenses of forcible lewd conduct came within section 781, subdivision (a)(1)(F)—which limits the types of juvenile records that can be sealed—because they occurred after he was 14 years old, were listed in section 707, subdivision (b), and required him to register as a sex offender under Penal Code section 290.008. (See § 781, subd. (a)(1)(F).) Nevertheless, he argued sealing was appropriate because the court's dismissal of his petitions under section 782 served to " 'erase' " the prior adjudication entirely and thereby protect him from any adverse consequences based on the adjudication. The district attorney opposed the motion.

Following a hearing, the court denied the motion to seal. It found Taylor's records ineligible for sealing because section 782, subdivision (e) provides that dismissal of a petition does not alone constitute a sealing of

3

records and section 781, subdivision (a)(1)(F), precludes sealing due to the forcible lewd conduct offenses.

## DISCUSSION

The sole issue on appeal is whether the juvenile court erred by denying Taylor's motion to seal his juvenile records. As we explain below, it did not err as the dismissal of a juvenile petition under section 782 does not obviate the prohibition on sealing records under section 781, subdivision (a)(1)(F) in cases involving certain delineated offenses.

We review issues of statutory interpretation de novo. (*In re Noah S.* (2021) 67 Cal.App.5th 410, 414 (*Noah S.*).) "Our fundamental task in construing a statute 'is to ascertain the Legislature's intent [and] effectuate the law's purpose. [Citation.] We begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning.' " (*In re Greg F.* (2012) 55 Cal.4th 393, 406.)

Here, our analysis not only begins but also ends with the clear and plain language of sections 781 and 782. (*Noah S.*, *supra*, at p. 415 [" ' "When the language of a statute is clear, we need go no further." ' "].) Section 782 permits a juvenile court to dismiss a petition if the court finds dismissal serves "the interests of justice and the welfare of the person who is the subject of the petition." (§ 782, subd. (a)(1).) Section 782 was amended, effective January 1, 2023, to state that "[d]ismissal of a petition . . . pursuant to this section . . . does not alone constitute a sealing of records as defined in Section 781 or 786." (§ 782, subd. (e); see Assem. Bill No. 2629, Stats. 2022, ch. 970, § 1 (A.B. 2629).) Hence, dismissal of a petition does not automatically result in the sealing of the juvenile records.

For sealing, we turn to section 781. (§ 781, subd. (a)(1)(A).) The court "shall" order records sealed if, after a hearing, it "finds that since the

4

termination of jurisdiction . . . the person has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court." (*Ibid*.) However, subdivision (a)(1)(F) of section 781 provides that a subset of sex offenses are categorically and unequivocally *not* eligible for sealing: "Notwithstanding subparagraphs (D) and (E), a record relating to an offense listed in subdivision (b) of Section 707 that was committed after attaining 14 years of age for which the person is required to register pursuant to Section 290.008 of the Penal Code shall not be sealed." (§ 781, subd. (a)(1)(F).)

The statutory prohibition on sealing is clear, and Taylor does not contest that his forcible lewd conduct offenses met the criteria set forth in subdivision (a)(1)(F) as the offenses were listed in section 707, subdivision (b), were committed after he turned 14, and required him to register under Penal Code section 290.008. (See § 707, subd. (b)(6); Pen. Code § 290.008(c)(2).) Nevertheless, relying on *In re David T.* (2017) 13 Cal.App.5th 866 (*David T.*), he urges us to conclude the juvenile court's dismissal of his petitions under section 782 erased the adjudication of the prior offenses such that they are deemed to have never occurred, which relieved him of any future adverse consequences of those offenses, including the sealing limitation in subdivision (a)(1)(F) of section 781. We are not persuaded.

In *David T.*, our colleagues concluded the then-current version of section 782 was a general dismissal statute; therefore, dismissal under that section was "intended to erase a prior adjudication—not merely reduce or mitigate it—and to thereby protect the person from any and all future adverse consequences based on that adjudication," including relief from a

5

limitation on sealing pursuant to section 781.[2]  (*David T., supra*, 13 Cal.App.5th at p. 877.)  Taylor's reliance on *David T.* is unavailing because it interpreted an earlier version of section 782 that—*unlike the current version*—did not include any limitations on the relief offered by dismissal. (*David T.*, at pp. 873–874.)

The *David T.* court observed that, had the Legislature intended a dismissal under section 782 to have prospective adverse consequences for the person even after dismissal, it could have explicitly said so.  (*David T., supra*, 13 Cal.App.5th at p. 875.)  After *David T.* was decided, that is precisely what occurred with the enactment of A.B. 2629, which amended section 782 to state that dismissal of a petition under that section "does not alone constitute a sealing of records" under section 781.  (§ 782, subd. (e); see A.B. 2629, § 1.)

This amended statutory language is unambiguous.[3]  Accordingly, we conclude that, given the intervening amendment to section 782, the reasoning of *David T.* no longer applies to the extent it held dismissal under section 782

---

[2]     The then-current version of section 781 stated: " 'Notwithstanding any other law, the court shall not order the person's records sealed in any case in which the person has been found by the juvenile court to have committed an offense . . . listed in subdivision (b) of Section 707 when he or she attained 14 years of age or older.' "  (*David T., supra*, 13 Cal.App.5th at p. 870, fn. 2.) Section 781 was thereafter amended to allow a juvenile court to seal records related to offenses listed in subdivision (b) of section 707 if certain criteria are met.  (§ 781, subds. (a)(1)(D), (E); see Sen. Bill No. 312, Stats. 2017, ch. 679, § 1.)  However, that same amendment created a narrower sealing prohibition under subdivision (a)(1)(F) of section 781 for a subset of sex offenses, like Taylor's forcible lewd conduct offenses.  (§ 781, subd. (a)(1)(F); see Sen. Bill No. 312, Stats. 2017, ch. 679, § 1.)

[3]     For this reason, we do not reach the parties' arguments concerning the legislative intent of section 782 or whether sealing Taylor's records would serve the interests of justice.

automatically releases the person from the sealing limitations in section 781. (See *David T.*, *supra*, 13 Cal.App.5th at pp. 875–877.)

As dismissal of Taylor's petitions under section 782 did not serve to automatically "erase" his prior adjudications or release him from the prohibition on sealing in subdivision (a)(1)(F) of section 781 and Taylor's underlying offenses precluded sealing pursuant to section 781, the juvenile court correctly denied the motion to seal. (Cf. *David T.*, *supra*, 13 Cal.App.5th at p. 877.)

## DISPOSITION

The order denying Taylor's motion to seal his juvenile court records is affirmed.

7

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Fujisaki, J.


A168282/*People v. Taylor C.*

Trial Court:        Solano County Superior Court

Trial Judge:        Hon. Terrye Davis

Counsel:            Rob Bonta, Attorney General, Lance E. Winters, Chief
                    Assistant Attorney General, Jeffrey M. Laurence, Senior
                    Assistant Attorney General, Katie Stowe, Deputy Attorney
                    General, and Charlotte Woodfork, Deputy Attorney
                    General, for Plaintiff and Respondent.

                    First District Appellate Project, Charles B. Holzhauer, for
                    Defendant and Appellant.