Filed 10/19/23  In re W.T. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re W.T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. W.T., Defendant and Appellant. | E080473 (Super.Ct.No. J290557) OPINION |

APPEAL from the Superior Court of San Bernardino County.  Tony Raphael, Judge.  Affirmed.

Melanie L. Skehar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Elana Miller, Deputy Attorney Generals, for Plaintiff and Respondent.

1

Defendant and appellant W.T. (Minor) appeals from the juvenile court's postjudgment order denying Minor's motion to dismiss his petition under Welfare and Institutions Code[1] section 782.  For the reasons set forth *post*, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

A.     PROCEDURAL HISTORY

On September 14, 2021, a juvenile wardship petition under Welfare and Institutions Code section 602(a) charged Minor with robbery under Penal Code section 211, a felony (count 1), and violation of civil rights under Penal Code section 422.6, subdivision (a), a misdemeanor (count 2).

On October 8, 2021, two additional felony counts were added to the petition: (1) count 3—grand theft person under Penal Code section 487, subdivision (c); and (2) count 4—assault by means likely to produce great bodily injury under Penal Code section 245, subdivision (a)(4).  Minor admitted to counts 3 and 4 and the court dismissed counts 1 and 2.  The juvenile court found Minor came within section 602 of the Welfare and Institutions Code, and declared Minor a ward of the court.  The court then placed Minor in the custody of his mother with 19 days credit for time served.  The court also placed Minor on formal probation.

On October 11, 2022, the probation department filed a report stating that Minor had satisfactorily completed probation.  Minor moved for the juvenile court to reduce his

_____

[1]  All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

felonies to misdemeanors under Penal Code section 17, subdivision (b). The People objected.

On November 15, 2022, Minor filed a motion requesting the court reduce his adjudications for grand theft person under Penal Code section 487, subdivision (c) (count 3), and assault by means likely to produce great bodily injury under Penal Code section 245, subdivision (a)(4) (count 4), from felonies to misdemeanors under Penal Code section 17, subdivision (b)(3). The People filed a response in opposition to Minor's motion.

On November 30, 2022, the juvenile court stated that it had "read and considered probation non appearance review packet dated 10/11/2022. Defense motion for PC 17(B) and People's response." Thereafter, the court found that Minor had satisfactorily completed probation and continued the matter to January.

At a hearing on January 4, 2023, the juvenile court ordered Minor's formal probation terminated. At the same hearing, the court heard Minor's (1) Penal Code section 17 motion to reduce his felonies to misdemeanors; and (2) Welfare and Institutions Code section 782 motion to dismiss Minor's petition that Minor's counsel filed on the day of the hearing. The juvenile court denied both motions.

Minor filed a timely notice of appeal from the "[d]enial of defense motion under . . . Section 782 to dismiss and seal record. Motion took place on January 4, 2023."

B.    FACTUAL HISTORY

On September 11, 2021, the victim was walking from his car to visit a friend when he noticed three male suspects. The suspects attempted to intimidate the victim and

3

prevented him from getting back into his car.  One of the suspects was later identified as

Minor.  The victim "begged" the suspects to let him go, and told them that he was

"underage."  As the victim tried to run, Minor punched the victim in the face from

behind.  Another suspect caught the victim and pushed him into a tree.  While Minor and

the other males continuously punched and kicked the victim in the face and torso, to the

point that he almost lost consciousness, they yelled derogatory terms including "faggot"

and "you're fucking gay."  The victim was, in fact, homosexual.  One of the other males

then grabbed the victim's phone from his pocket, and they all ran away.

## DISCUSSION

A.      THE JUVENILE COURT PROPERLY DENIED MINOR'S MOTION TO
        DISMISS UNDER SECTION 782

Minor contends that the juvenile court erred by denying his section 782 petition.

For the reasons set forth *post*, we find that the court did not abuse its discretion in

denying Minor's motion.

1.      *RELEVANT LEGAL PRINCIPLES AND STANDARD OF REVIEW*

In relevant part, section 782 provides:  "A judge of the juvenile court in which a

petition was filed or that has taken jurisdiction of a case pursuant to Section 750 may

dismiss the petition, or may set aside the findings and dismiss the petition, if the court

finds that the interests of justice and the welfare of the person who is the subject of the

petition require that dismissal, or if it finds that they are not in need of treatment or

rehabilitation."  (§ 782, subd. (a)(1).)

4

Welfare and Institutions Code section 782 "is a general dismissal statute that is similar in its operation to Penal Code section 1385.  (*People v. Haro*  (2013) 221 Cal.App.4th 718, 721; see *In re Greg F.* (2012) 55 Cal.4th 393, 416 similar to [Welf. & Inst. Code] section 782, Penal Code section 1385 grants trial courts the power to dismiss a criminal action in furtherance of justice].)  Indeed, the two statutes are so closely analogous that [i]n determining whether a [Welfare and institutions Code] section 782 dismissal is in the interests of justice [citation], some courts have looked to Penal Code section 1385 for guidance."  (*In re J.P.* (2023) 94 Cal.App.5th 74, 78, internal citations omitted.)

Effective January 2023, subdivision (a)(2)(A) was added to section 782:  "When exercising its discretion under paragraph (1) at the time the court terminates jurisdiction or at any time thereafter, the court shall consider and afford great weight to evidence offered by a person to prove mitigating circumstances are present, including, but not limited to, satisfactory completion of a term of probation, that rehabilitation has been attained to the satisfaction of the court, that dismissal of the petition would not endanger public safety, or that the underlying offense is connected to mental illness, prior victimization, or childhood trauma.  Proof of the presence of one or more mitigating circumstances weighs greatly in favor of dismissing the petition."

A determination under section 782 is reviewed under the abuse of discretion standard of review.  (*In re Greg F.*, *supra*, 55 Cal.4th at p.  417.)  " ' "To show abuse of discretion, the appellant must demonstrate the juvenile court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a miscarriage of justice."

5

[Citation.]  Throughout our analysis, we will not lightly substitute our decision for that rendered by the juvenile court.  Rather, we must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings where there is substantial evidence to support them.' "  (*In re S.O.*  *(*2020) 48 Cal.App.5th 781, 786-787.)

### 2.    *THE JUVENILE COURT DID NOT ABUSE ITS DISCRETION IN DENYING MINOR'S MOTION*

In this case, Minor argues that "the juvenile court incorrectly premised its decision on a circumstance of the offense, specifically an offense the Minor did not admit."

At the hearing on Minor's Penal Code section 17 and Welfare and Institutions Code section 782 motions, on January 4, 2023, the juvenile court asked Minor's counsel whether he was "asking to—on [the] one hand, in a motion under [Penal Code section] 17(b)(3), you are asking the Court to reduce the charge to a misdemeanor.  [¶]  And now pursuant to [Welfare and Institutions Code section] 782, essentially, you're inviting the Court to dismiss the petition and seal the record based on the criteria and standard in [Welfare and Institutions Code section] 782."  Defense counsel responded: "Correct."

The prosecutor opposed both motions.  She informed the court that "minor actually never provided a negative drug test during his period of probation," and Minor "was failing two of five of his classes."

After further argument by both the prosecutor and defense counsel, the court noted that Minor admitted to both felony grand theft under Penal Code section 487 (count 3), and felony assault by force likely to cause great bodily injury under Penal Code section

6

245 (count 4). In exchange for Minor's admissions, counts 1 and 2 were dismissed: (1) second degree robbery under Penal Code section 211 (count 1); and (2) count 2 for misdemeanor violation of civil rights under Penal Code section 422.6. Thereafter, the juvenile court went on to explain its reasons for denying Minor's motion under Penal Code section 17, which is not at issue on appeal.

The court then addressed Minor's petition under Welfare and Institutions Code section 783. The court first noted his decision was "subject to the court's discretion if the court finds that the interest of justice and welfare of the person who is the subject of the petition require the dismissal or it finds that they are not in need of treatment and rehabilitation." The court recognized that the court should "give great weight in favor of dismissing the petition when a person has satisfactorily completed the term of probation and rehabilitation has been attained to the satisfaction of the court."

The court then found that Minor had "satisfactorily completed a term of probation." However, "taking into account the circumstances of the offense, I'm not finding that rehabilitation has been attained to the satisfaction of the Court. And I don't find that, at this time, that the interest of justice and the welfare of the person, of the Minor in this case, require the dismissal."

As for the "circumstances of the offense," when the court made its decision on the Penal Code section 17 petition, the court noted that "the offense in this case, which was essentially a hate crime." The court acknowledged that the "nature of the crime in this case, even though it was dismissed, it was dismissed and discussed," and the factual

7

circumstances were "summarized in the JD report, along with [Minor's] performance on probation."

On appeal, Minor contends that the juvenile court erred in making its ruling on the Welfare and Institutions Code section 782 motion because "the statute does not require a juvenile court to consider the circumstances of the offense when deciding a [Welfare and Institutions Code] section 782 motion." Because "minor did not admit a violation to Penal Code section 422.6, subdivision (a) (hate crime) . . . those facts should not have been considered in the juvenile court's determination." We disagree.

We agree with Minor that the hate crime charge was dismissed when Minor pled guilty to the newly added counts 3 and 4. We, however, disagree with Minor that the facts pertaining to the hate crime charge should not be considered when ruling on a section 782 motion. In this case, the same facts formed the basis for all four counts pled in the petition. Therefore, the juvenile court did not abuse its discretion when it considered the facts that gave rise to counts 3 and 4. In fact, had the court failed to consider these facts when ruling on Minor's section 782 petition, such a failure could be determined to be an abuse of discretion.

Minor also argues that "assuming arguendo that the hate crime was allowed to be considered, Penal Code section 422.6, subdivision (a) is not a [Welfare and Institutions Code] section 707, subdivision (b) offense and is not considered a serious or violent felony under Penal Code sections 667.5, subdivision (c) or 1192.8, subdivision (c). Therefore, under [Welfare and Institutions Code] section 782, subdivision (E), the 'great weight' to be afforded to the minor's mitigating factors would not be affected by the facts

8

of the hate crime or any of the crimes he pled to since none of those were a violent or serious felony." (Fn. omitted.)

We again find Minor's argument to be without merit. Here, we find that the juvenile court did give "great weight" to Minor's mitigating factors, as required under section 782, subdivision (a)(2)(A). As provided in detail *ante*, the court not only considered Minor's actions and involvement in the crime against the victim, the court recognized that it should "give great weight in favor of dismissing the petition when a person has satisfactorily completed the term of probation and rehabilitation has been attained to the satisfaction of the court."

The court then found that although Minor had "satisfactorily completed a term of probation . . . taking into account the circumstances of the offense, I'm not finding that rehabilitation has been attained to the satisfaction of the Court. And I don't find that, at this time, that the interest of justice and the welfare of the person, of the minor in this case, requires the dismissal." The record clearly reveals that the court reviewed the facts of this case and all the documents filed regarding the case and motion. The court displayed genuine concern for Minor and demonstrated careful consideration at the hearing.

The court, after denying the motion, addressed Minor directly giving him encouragement. The court told Minor that his ruling was "without prejudice," and the court wanted to see Minor "continue to do well. I'm not saying you're not going to earn a dismissal and sealing. I am just saying because of the nature, I want to see a longer track record." Minor responded, "Yes, your Honor."

9

When reviewing a ruling on a section 782 motion, the abuse of discretion standard of review applies.  In a recent decision, this court stated:  " 'The statutory scheme governing juvenile delinquency is designed to give the court " maximum flexibility to craft suitable orders aimed at rehabilitating the particular ward before it." [Citation.] Flexibility is the hallmark of juvenile court law, in both delinquency and dependency interventions.  [Citation.]  As noted, the juvenile court has long enjoyed great discretion in the disposition of juvenile matters [citation], and that discretion is codified in [Welfare and Institutions] section 782.' " (*J.P.*, *supra*, 94 Cal.App.5th at p. 80.)

Based on the broad powers afforded to the juvenile court and the court's careful consideration of Minor's motion, we cannot say that the court " 'exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a miscarriage of justice.' " (*In re S.O.*, *supra*, 48 Cal.App.5th at pp. 786-787.)  We therefore affirm the juvenile court's ruling.

## DISPOSITION

The juvenile court's order denying Minor's section 782 motion is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
          J.

We concur:

McKINSTER
     Acting P. J.

CODRINGTON
     J.